**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**December 13, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

CHARLES ONOGWU,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General,

Respondent.

No. 05-9599
(No. A29-444-689)
(Petition for Review)

ORDER AND JUDGMENT[*]

Before **O'BRIEN** and **BRORBY**, Circuit Judges, and **BROWN**,[**] District Judge.

Charles Onogwu seeks review of the Bureau of Immigration Appeals'

(BIA) denial of his motion to reopen his prior deportation proceedings. Because

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 (eff. Dec. 1, 2006) and 10th Cir. R. 32.1 (eff. Jan 1, 2007).

[**]     The Honorable Wesley E. Brown, Senior District Judge, District of Kansas, sitting by designation.

this court does not have jurisdiction to review Mr. Onogwu's claims, the petition for review is DISMISSED.

## I.

Mr. Onogwu was ordered deported in 1991. According to the record, he left the United States in 1991, but he returned illegally in 1999.[1] In 2005, he moved the BIA to reopen his prior proceedings and to vacate the prior order of deportation.

By order dated November 9, 2005, the BIA held that it did not have jurisdiction to consider the motion to reopen, as Mr. Onogwu had left the country after the BIA's 1991 order. *See* 8 C.F.R. § 1003.2(d) (2005) ("A motion to reopen or a motion to reconsider shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States."). Mr. Onogwu and his counsel misunderstood the BIA's decision and believed the BIA had been misinformed that Mr. Onogwu had left the country after he filed his motion to reopen. *See id.* ("Any departure from the United States . . . occurring after the filing of a motion

---

[1] In his reply brief in this court, Mr. Onogwu asserts that he did not in fact leave the United States in 1991, because after immigration officials left him at the airport, he did not board the plane but "walked away and went back to live within the U.S." Reply Br. at 1. He further claims that his counsel erred in averring that Mr. Onogwu left the country in 1991 and returned in 1999. Our review is limited to the administrative record underlying the decision under review. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1363 (10th Cir. 2004) (citing 8 U.S.C. § 1252(b)(4)(A)). Thus, we must accept the facts that were before the BIA.

to reopen or a motion to reconsider, shall constitute a withdrawal of such motion."). Thus, Mr. Onogwu's counsel sent a letter to the BIA, and Mr. Onogwu filed a motion to reconsider as well as a petition for review of the November 9 decision. By order dated January 19, 2006, the BIA clarified that its November 9 order was based on Mr. Onogwu's departure in 1991, not any alleged departure since the filing of the motion to reopen, and it denied the motion to reconsider. Mr. Onogwu did not file a petition for review of the January 19 decision.

## II.

The Attorney General argues that this court lacks jurisdiction to review Mr. Onogwu's claims. Specifically, he contends that: (1) Mr. Onogwu failed to file a separate petition for review of the January 19 order, and (2) the November 9 order, for which Mr. Onogwu did file a timely petition for review, is not a final, appealable decision.

The Attorney General is correct that, to challenge the denial of his motion to reconsider, Mr. Onogwu was required to file a separate petition for review of the January 19 order. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995); *Desta v. Ashcroft*, 329 F.3d 1179, 1183 (10th Cir. 2003). Because he did not do so, this court lacks jurisdiction to review the BIA's denial of the motion to reconsider.

As for the November 9 order, contrary to the Attorney General's position, this court has held that the BIA's denial of a motion to reopen "is considered a final, separately appealable order." *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361

-3-

(10th Cir. 2004). But *Infanzon* also indicates that review of a denial of a motion to reopen is precluded "where judicial review of the underlying matter is precluded." *Id.* at 1362. Under the law applicable when Mr. Onogwu's deportation order was issued and executed in 1991, this court lost jurisdiction to review a deportation order once the alien left the United States. *See* 8 U.S.C. § 1105a(c) (1990) (repealed 1996); *Stone*, 514 U.S. at 399.[2] The record reflects that Mr. Onogwu left the country in May 1991, and thus this court does not have jurisdiction to review the underlying order of deportation. It follows that, under *Infanzon*, this court's review of the BIA's denial of the motion to reopen also is precluded.

Mr. Onogwu's application to proceed without prepayment of costs and fees is GRANTED. The petition for review is DISMISSED.

Entered for the Court

Terrence L. O'Brien
Circuit Judge

---

[2] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, altered the availability, scope, and nature of judicial review in immigration cases. However, because Mr. Onogwu's deportation proceedings commenced before April 1, 1997, and the final deportation order was issued before October 31, 1996, pre-IIRIRA standards apply to the final deportation order. *See id.* Div. C, §§ 306(c)(1), 309(a), (c)(1) & (4), *as amended by* Pub. L. No. 104-302, § 2, 110 Stat. 3657, *set out in notes to* 8 U.S.C. § 1101.