**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BERNARDO
PADILLA-PLANCARTE,

Petitioner,

v.

ALBERTO R. GONZALES,
Attorney General; DEPARTMENT
OF HOMELAND SECURITY;
IMMIGRATION AND CUSTOMS
ENFORCEMENT,

Respondents.

No. 06-9526
(No. A74-575-063)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **LUCERO**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Bernardo Padilla-Plancarte, a native and citizen of Mexico, petitions for

review of the Board of Immigration Appeals' ("BIA") denial of his motion to

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reopen his case to apply for adjustment of his status. Exercising jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), we **AFFIRM** the BIA's decision.

## I

Padilla-Plancarte appeared with his family at a removal hearing on February 10, 1999, while still a teenager. At the conclusion of the hearing, the immigration judge ("IJ") granted the family four months to voluntarily depart the United States and, in the event families members did not, ordered them removed to Mexico. Padilla-Plancarte did not leave the country. On February 15, 2001, after being apprehended by immigration authorities, he was removed to Mexico pursuant to the 1999 order. At some point thereafter, his uncle filed a U.S. Citizenship and Immigration Services Form I-130 "Petition for Alien Relative" to regularize the immigration status of Padilla-Plancarte's family. The petition was approved with a priority date of April 24, 2001. Soon thereafter, on or about May 15, 2001, Padilla-Plancarte illegally reentered this country and lived here for several years.

After he married a U.S. citizen in January 2004, his wife filed a second Form I-130 petition on his behalf. On June 7, 2005, the same day his wife's petition was approved, the Department of Homeland Security ("DHS") placed Padilla-Plancarte in removal proceedings, charging him as an alien present in the United States without being admitted or paroled and as an alien seeking admission to the United States within ten years of removal. His second removal hearing,

held June 16, 2005, was a group proceeding. Padilla-Plancarte, appearing without counsel, conceded that he was removable as charged, told the IJ that he did not wish to apply for relief from removal, but reserved his right to appeal. Accordingly, the IJ ordered him removed to Mexico, staying the removal pending an appeal. His wife posted a bond and Padilla-Plancarte was released from DHS custody. Padilla-Plancarte, however, did not appeal. He alleges that, in his confusion at the removal hearing, he believed payment of the bond nullified the order of removal, such that he could contest his removability in another proceeding. Later, he obtained counsel for this purpose.

Counsel for Padilla-Plancarte reviewed the record, determined that Padilla-Plancarte's appeal time had expired, and filed a motion to reopen the case. In his motion, Padilla-Plancarte conceded he was inadmissible, and therefore ineligible to adjust his status unless a waiver of inadmissibility was available to him. He argued that he was eligible for a waiver based on the approved Form I-130 petitions. Upon consideration of his motion, the IJ determined that Padilla-Plancarte's illegal reentry after removal rendered him ineligible for adjustment of status and entered an order denying the motion to reopen on September 6, 2005. Padilla-Plancarte then appealed to the BIA, which affirmed the IJ's decision.

**II**

Padilla-Plancarte challenges the denial of his motion to reopen, asserting that his wife's approved Form I-130 petition, coupled with the priority date of his uncle's earlier petition, make him eligible to adjust his status to lawful permanent resident under the Legal Immigration Family Equity Act ("LIFE Act"), codified at 8 U.S.C. § 1255(i)(1).[1] This court reviews the BIA's decision on a motion to reopen for an abuse of discretion, and will reverse only if the decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Infanzon v. Ashcroft, 386 F.3d 1359, 1362 (10th Cir. 2004).

"Generally, a previously removed alien who illegally re-enters the United States is permanently inadmissible to the United States . . . and therefore not eligible for adjustment of status under [the LIFE Act]." Fernandez-Vargas v. Ashcroft, 394 F.3d 881, 885 (10th Cir. 2005) (citing Berrum-Garcia v. Comfort, 390 F.3d 1158, 1167 (10th Cir. 2004)); see also 8 U.S.C. § 1182(a)(9)(C)(i).[2]

---

[1] In pertinent part, § 1255(i)(1) provides that an alien physically present in the United States, who entered without inspection, may apply for adjustment of status upon payment of $1,000 if the alien is a beneficiary of a Form I-130 petition filed on or before April 30, 2001 and was physically present in the United States on December 21, 2000.

[2] Section 1182(a)(9)(C)(i), which applies to "[a]liens unlawfully present after previous immigration violations," provides that, in general:

Any alien who–

(continued...)

"[A] waiver of this permanent inadmissibility is available," but the "waiver may only be sought following the completion of an unwaivable ten-year period outside of the United States." Fernandez-Vargas, 394 F.3d at 885.

Nothing in the LIFE Act supercedes the statutory bar placed on a removed alien's application for adjustment of status. Padilla-Caldera v. Gonzales, 453 F.3d 1237, 1243 (10th Cir. 2006). "The class of aliens who violate § 1182(a)(9)(C)(i)(II) are not the type of illegal entrants meant to be covered by [the LIFE Act], those illegal entrants who . . . otherwise played by the rules. Instead, they are illegal entrants who violate direct court orders." Id. (quotation omitted). Plainly, Padilla-Plancarte falls under the statutory proscription and is therefore ineligible for adjustment of status.

Moreover, contrary to Padilla-Plancarte's contentions, an approved Form I-130 petition cannot cure his unlawful reentry. A successful Form I-130 petition is simply "one prerequisite that ha[s] to be satisfied before [an alien can] apply for permanent residence or adjustment of status." United States v. Atandi, 376 F.3d 1186, 1187 (10th Cir. 2004). It does not bar denial of adjustment of status or

---

[2](...continued)
        (I) has been unlawfully present in the United States for an aggregate period of more than 1 year, or
        (II) has been ordered removed under section 1225(b)(1) of this title, section 1229a of this title, or any other provision of law,
        and who enters or attempts to reenter the United States without being admitted is inadmissible.

admissibility on any legitimate ground.  See Ferry v. Gonzales, 457 F.3d 1117, 1122-23 (10th Cir. 2006) (noting that DHS approved petitioner's Form I-130, but denied admissibility on other grounds); Tchuinga v. Gonzales, 454 F.3d 54, 58 (1st Cir. 2006) (describing an IJ's denial of petitioner's application for adjustment of status subsequent to an approved Form I-130 petition).

Moreover, we reject any contention that the BIA abused its discretion by failing to discuss the IJ's reliance on an Immigration and Nationality Act provision that was not charged in the Notice to Appear.  Although we acknowledge Padilla-Plancarte's argument concerning the confusing nature of his immigration proceedings, we conclude that he has no factual or legal basis for relief from removal.[3]

### III

The judgment of the BIA is **AFFIRMED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge

---

[3] For the first time on appeal, Padilla-Plancarte argues in the alternative that he is eligible for a waiver of inadmissibility under 8 U.S.C. § 1182(a)(9)(A)(iii) because his uncle's Form I-130 petition was approved before he reentered the United States.  This contention is without merit and cannot overcome the plain language of § 1182(a)(9)(A)(iii).  That section, which provides an exception to the inadmissibility of "[c]ertain aliens previously removed," requires that any grant of a waiver application by the Attorney General occur "prior to the date of the alien's reembarkation at a place outside the United States or attempt to be admitted from foreign contiguous territory."