FILED
United States Court of Appeals
Tenth Circuit

March 19, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

CONSTANTINE TANJANG TAKWI,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 09-9534
(Petition for Review)

---

ORDER AND JUDGMENT[*]

---

Before **HARTZ**, **McKAY**, and **ANDERSON**, Circuit Judges.

---

Constantine Tanjang Takwi, a native and citizen of Cameroon representing

himself before this court, petitions for review of the Board of Immigration

Appeals' (BIA) denial of his second motion to reopen his immigration

proceedings. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition

for review.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## *Background*

Mr. Takwi was ordered removed in 2002, after he represented himself at his hearing because his counsel failed to appear. In November 2002, represented by a new attorney, he filed a motion to reopen, arguing his prior counsel was ineffective because he abandoned Mr. Takwi. The BIA denied the motion in January 2003 because Mr. Takwi failed to show he was prejudiced by his attorney's performance. The second attorney subsequently withdrew the petition for review before this court. On June 12, 2008, represented by a third attorney, Mr. Takwi filed his second motion to reopen, which is the subject of this appeal. The motion argued that both his first and second attorneys were ineffective, and that he was entitled to adjust his status based on his marriage to a United States citizen. On January 9, 2009, he supplemented his motion, offering additional documents and arguing that conditions in Cameroon had changed for the worse. On January 13, 2009, the BIA denied the motion to reopen without mentioning the supplemental materials. Mr. Takwi moved to reconsider, and the BIA did so. It vacated the January 13 decision and further addressed the motion to reopen in light of the supplemental materials. The result did not change, however, as the BIA again declined to reopen the case.

The BIA noted that the motion was a second motion, exceeding the limit of one motion to reopen, and that it was untimely by a matter of years. As grounds for excusing these deficiencies, the motion complained of ineffective assistance

of counsel.  *See Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002) (concluding that ineffective assistance may warrant equitable tolling).  The BIA held that the issue of the first attorney's performance had been decided in 2003 and was final.  Further, citing *In re Compean*, 24 I. & N. Dec. 710 (A.G. 2009), *vacated*, 25 I. & N. Dec. 1 (A.G. 2009), the BIA concluded that Mr. Takwi had not shown prejudice or due diligence with regard to his issues with his second attorney.

The BIA also considered whether to apply the exception that allows reopening to file applications for asylum, restriction on removal, and CAT relief based on changed country conditions in the country of nationality.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii).  It concluded that the majority of Mr. Takwi's evidentiary submissions were not new and could have been presented earlier, and it identified factors undermining the materials' authenticity and reliability.  Finally, it concluded that the supplemental reports did not show changed country conditions.  The BIA therefore denied the motion to reopen.

### *Analysis*

Our review of the denial of a motion to reopen is only for abuse of discretion.  *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004).  "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements."  *Id.* (quotation omitted).  There is no abuse of discretion when, "although the BIA's decision is succinct, its

rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law." *Id.*

Noting *Compean* was vacated, Mr. Takwi argues the BIA applied incorrect law in requiring him to show prejudice and due diligence. But in vacating *Compean*, the Attorney General directed the BIA to "apply the pre-*Compean* standards to all pending and future motions to reopen based on ineffective assistance of counsel." 25 I. & N. Dec. at 3. Both prejudice and due diligence are integral parts of pre-*Compean* precedent. *See In re Lozada*, 19 I. & N. Dec. 637, 638 (BIA 1988) (requiring a showing of prejudice); *Riley*, 310 F.3d at 1258 (noting that in considering equitable tolling, the BIA must review the movant's diligence); *Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999) (per curiam) (holding "an alien must show that his counsel's ineffective assistance so prejudiced him that the proceeding was fundamentally unfair"). Thus, the BIA's citation to *Compean* does not require us to grant the petition for review.

Further, we need not address Mr. Takwi's argument concerning the proper measure for establishing prejudice in this circuit, because he did not establish his diligence in pursuing his issues regarding his second attorney. He argues he only learned of his second counsel's errors in 2008, but he offers no explanation why he did not seek information about his immigration proceedings between 2002 and 2008. And given he is unable to attack his second counsel's performance and

thereby undermine the 2003 determination regarding his first counsel, the 2003 decision stands.

The BIA also considered the exception that allows reopening based on changed country conditions. Mr. Takwi argues the BIA did not adequately consider his supplemental evidence, particularly the State Department and Amnesty International reports. To the contrary, the BIA discussed the supplemental documents and gave rational reasons for rejecting them as grounds for reopening the proceedings. At bottom, the BIA was not persuaded to revisit the agency's prior determination that Mr. Takwi had failed to show he was member of the relevant political groups. Under these circumstances, we cannot conclude the refusal to reopen was an abuse of discretion even if the supplemental reports showed worsening conditions for members of those groups in Cameroon.[1]

Mr. Takwi's out-of-time reply brief is accepted for filing. The petition for review is DENIED.

Entered for the Court

Monroe G. McKay
Circuit Judge

---

[1] Mr. Takwi's opening brief does not challenge the BIA's rejection of his argument that he was entitled to adjustment of status based on his marriage to a United States citizen, and thus the issue is waived. *See Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000).