FILED
United States Court of Appeals
Tenth Circuit

December 1, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

KULWINDER SINGH RAJU,

      Petitioner-Appellant,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent-Appellee.

No. 10-9525
(Board of Immigration Appeals)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ, ANDERSON**, and **TYMKOVICH**, Circuit Judges.[**]

---

      Kulwinder Singh Raju, a native and citizen of India, seeks review of the Bureau of Immigration Appeals' (BIA) denial of his motion to reopen his immigration proceedings. For the following reasons, we deny the petition for review.

---

     [*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

     [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## I. Background

Raju entered the United States in 2002 without proper admission or parole and was placed in removal proceedings. After conceding removability, he requested asylum, restriction on removal, and protection under the Convention Against Torture (CAT).

In 2007, at his removal hearing, Raju testified that in October 2001 he was forced at gunpoint to give material support to Sikh militants. The Indian police arrested him, accused him of being involved with militants, and beat him with a belt and metal-tipped staff that caused him to bleed and become unconscious. In November 2001, Raju again provided material support to the militants under threat of harm and then fled to avoid arrest.

The immigration judge (IJ) found inconsistencies in Raju's testimony and made an adverse credibility finding. Specifically, the IJ found three areas of Raju's testimony inconsistent. First, Raju testified the severe beating he received required an operation to drain fluid from his back and produced a significant scar. But at his removal hearing the IJ observed Raju's back and found no scars, which the IJ believed the alleged beating would have left. Second, Raju gave inconsistent statements regarding the number of his siblings. He initially testified to having only one brother and no other siblings, but later stated he had five siblings. Finally, Raju gave varying testimony concerning his route to the United States. He initially testified to traveling through Ecuador, Guatemala, and then

Mexico, but later included Malaysia and Cuba. On cross-examination, he stated he traveled through Russia, Cuba, Ecuador, Guatemala, and then Mexico before entering the United States. In light of these inconsistencies, the IJ denied Raju's asylum petition and ordered him removed to India.

Raju appealed to the BIA and argued the adverse credibility finding was error because any inconsistencies in his testimony related to incidental matters not at the heart of his claims. The BIA rejected Raju's argument and affirmed the IJ's decision. Raju appealed to this court and again argued the IJ improperly discredited his testimony based on incidental inconsistencies. We rejected his argument and denied his petition for review. *See Raju v. Holder*, 336 F. App'x 814, 819 (10th Cir. 2009).

Raju filed a motion to reopen his proceedings before the BIA, asserting a claim of ineffective assistance of counsel on the basis his counsel failed to submit certain evidence and witness testimony. Specifically, Raju asserts his counsel failed to (1) call his brother, Sodhi Singh, to offer corroborating testimony, (2) offer Raju's passport as evidence, and (3) secure statements from individuals in India.

The BIA determined Raju had not shown prejudice as a result of his counsel's actions in the removal proceedings. First, the BIA found Sodhi's testimony related to persecution he suffered in 1993 in India that would not have corroborated Raju's testimony regarding his persecution in 2001. Additionally,

Sodhi stated he was forced to leave India and did not claim to have been in India in 2001.

Next, Raju submitted a copy of his passport with his motion to reopen. The BIA examined the passport and found only one stamp, from Ecuador, corresponding to the time frame during which Raju claims to have traveled to the United States. The passport added no new information that would assist in reconciling Raju's inconsistent testimony regarding the countries he passed through.

Finally, Raju failed to identify specific statements from individuals in India that his counsel should have offered as evidence. He also did not explain to the BIA how the statements would corroborate his claims.

The BIA concluded Raju failed to offer any new evidence that would overcome the IJ's adverse credibility determination. Finding Raju failed to demonstrate any prejudice suffered as a result of ineffective assistance, the BIA denied his motion to reopen.

## II. Discussion

We have jurisdiction to review the denial of a motion to reopen and our review is for abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). We will reverse the BIA only "when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* The BIA

does not abuse its discretion when its "decision is succinct, its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law." *Id.*

Removal proceedings are civil in nature and therefore a claim for ineffective assistance of counsel arises only from the due process guarantees of the Fifth Amendment. *See Akinwunmi v. INS*, 194 F.3d 1340, 1341 n.2 (10th Cir. 1999). To succeed on a claim of ineffective assistance of counsel, an alien must demonstrate he suffered prejudice as a consequence of the ineffective assistance. *See id.* ("[A]n alien must show that his counsel's ineffective assistance so prejudiced him that the proceeding was fundamentally unfair.").

At the outset, it is not clear from Raju's brief that he argues the BIA abused its discretion. He argues the IJ's adverse credibility determination resulted from the alleged ineffective assistance of counsel, which, if true, could be a basis for showing prejudice. To the extent Raju challenges the BIA's determination, we find the BIA did not abuse its discretion because Raju has failed to demonstrate he suffered any prejudice from his counsel's allegedly ineffective assistance.

Raju's counsel made the tactical decision not to call Sodhi as a witness because she believed his testimony would harm Raju's case. In another tactical decision, Raju's counsel decided not to offer statements from individuals in India because she believed they were fraudulent. These tactical decisions were all within the realm of sound strategy. Finally, his counsel stated she was never

given Raju's passport, his asylum application indicated he had no passport, and the passport does not contain any information that would resolve Raju's inconsistent testimony regarding his route to the United States.

Raju has failed to demonstrate the evidence and testimony he contends his counsel should have offered would have materially affected the IJ's adverse credibility determination. Thus, Raju has not shown he suffered prejudice from the omission of this evidence. He also has failed to explain how the BIA abused its discretion when it determined he suffered no prejudice from any alleged ineffective assistance of counsel.

### III. Conclusion

For these reasons, the BIA did not abuse its discretion when it denied Raju's motion to reopen. The petition for review is denied.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge