FILED
United States Court of Appeals
Tenth Circuit

January 10, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

SHIKHAR CHANDER HANSRAJ,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 11-9513
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **GORSUCH**, and **MATHESON**, Circuit Judges.

Petitioner Shikhar Chander Hansraj has filed a petition for review

challenging the Bureau of Immigration Appeals' (BIA) decision affirming the

denial of his motion to reopen the Immigration Judge's (IJ) February 2004

decision directing removal to India. The BIA affirmed the denial of the motion to

reopen as untimely because it was filed over four years after the applicable

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ninety-day limitations period expired. *See* 8 U.S.C. § 1229a(c)(7)(c)(i) and 8 C.F.R. § 1003.23(b)(1). Relying on the doctrine of equitable tolling, Petitioner argues that the lengthy delay in filing his motion to reopen should be excused because (1) his counsel in the removal proceedings provided ineffective assistance by failing to seek an adjustment of status based on his alleged common law marriage in 2004 to a United States citizen; and (2) his counsel and the IJ failed to adequately advise him of the adverse consequences that he would face if he did not abide by his explicit statement to the IJ at the removal hearing in February 2004 that he would voluntarily depart from the United States.

We have jurisdiction to review the BIA's discretionary decision to deny Petitioner's motion to reopen his removal proceedings, and we review for an abuse of discretion. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361-62 (10th Cir. 2004); *see also Kucana v. Holder*, 130 S. Ct. 827, 835, 838 (2010) (concluding that because the BIA's "discretionary authority to act on a motion to reopen . . . is specified not in a statute, but only in the Attorney General's regulation," the jurisdiction-stripping provision in 8 U.S.C. "§ 1252(a)(2)(B)(ii) does not proscribe judicial review of denials of motions to reopen") (internal quotation marks omitted). We see no abuse of discretion here. As the BIA correctly found (1) Petitioner failed to put forth any evidence to support his allegation that he had an existing common law marriage in 2004 to a United States citizen, *see* Admin. R. at 2-3; and (2) Petitioner's allegation that he was not

adequately advised of the adverse consequences of not voluntarily departing this country are not relevant to the separate and distinct question of whether he has a basis to equitably toll the ninety-day limitations period for filing a motion to reopen, *id.* at 3. None of Petitioner's additional arguments (*i.e.*, the lack of a hearing transcript, his prior counsel's representations regarding his expertise in immigration law, the failure of the IJ and BIA to consider certain arguments, or his request for tolling of the voluntary departure period) excuse his failure to comply with the ninety-day limitations period for filing a motion to reopen.

We recognize that Petitioner's ability to seek immigration relief based on his subsequent ceremonial marriage to an American citizen in 2007 may be hindered by his failure to voluntarily depart this country in 2004. But any available relief from that hardship is a question to be determined at a later date if, and when, following removal, Petitioner attempts to adjust his immigration status based on his subsequent marriage and the alleged lack of notice regarding the adverse consequences of not voluntarily departing from this country in 2004.

The petition for review is **DENIED**. Petitioner's motion for leave to file a reply brief out of time is granted.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

-3-