FILED
United States Court of Appeals
Tenth Circuit

June 12, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

QING YUAN LIAN,

        Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

        Respondent.

No. 11-9549
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **PORFILIO**, Senior Circuit Judge, and **MURPHY**, Circuit Judge.

Qing Yuan Lian, a native and citizen of China, seeks review of the Board of

Immigration Appeals' (BIA) denial of her motion to remand based on ineffective

assistance of counsel. We deny the petition for review.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# BACKGROUND

Ms. Lian entered the United States in May 2000. In 2007, the Department of Homeland Security (DHS) instituted removal proceedings against her. She hired an attorney, Zuma A. Ayriyan, conceded removability as charged, and filed an application for asylum, restriction on removal, and relief under the Convention Against Torture. At the end of Ms. Lian's merits hearing in August 2009, an immigration judge (IJ) denied the relief sought but granted voluntary departure. Relevant to the petition for review, the IJ found that even though Ms. Lian is the mother of three U.S.-citizen children, her asylum claim based on Chinese family-planning policy was "not established [in the] record," and therefore, asylum "may not be granted" on that basis. Admin. R. at 176-77.

Ms. Lian hired a new attorney, Sarah L. Doll, and appealed. As part of her appeal, Ms. Lian asked the BIA to remand her removal proceedings to the IJ for consideration of additional evidence regarding her asylum claim based on family-planning. She asserted that Ms. Ayriyan was unprepared to present this claim, and she proffered several documents to support her remand request. In particular, she submitted a Notice from the Tingtou Community Residence Committee, stating that if Ms. Lian returns to China she "must" be sterilized because, as the mother of three children, she is in violation of family-planning policy. *Id.* at 114-15. She also submitted a notarized letter to the BIA, asking it to give her a chance to prove her asylum claim. In the notarized letter, she said that even though she expressed her

fear of returning to China because she has three children, Ms. Ayriyan told her that she "had no case based on family planning." *Id.* at 111. She also asserted that: (1) Ms. Ayriyan knew she had sent an inquiry to the family-planning office in July 2009 and was awaiting a response at the time of the merits hearing; (2) she did not receive the Notice from the family-planning office until two days after the IJ denied the relief sought; and (3) when she asked Ms. Ayriyan what to do with the Notice, Ms. Ayriyan said "there was nothing she could do." *Id.*

DHS filed a brief in opposition to Ms. Lian's remand request, asserting that the request was essentially a motion to reopen based on ineffective assistance of counsel, and that it should be denied for failure to comply with *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988). Ms. Lian then filed a motion to supplement, offering additional documentation (in an attempt to satisfy steps two and three of *Lozada*), including a letter to Ms. Ayriyan and a letter to the State Bar of California.

The BIA denied Ms. Lian's motion to remand. This petition for review followed.

**DISCUSSION**

We review the BIA's decision to deny "a motion to remand for an abuse of discretion." *Witjaksono v. Holder*, 573 F.3d 968, 979 (10th Cir. 2009). The BIA abuses its discretion when its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted).

- 3 -

> Under . . . *Lozada*, a motion based on a claim of ineffective assistance of counsel *must* be supported by (1) the aggrieved party's affidavit setting forth the agreement that was entered into with former counsel and what counsel did or did not represent to the respondent in this regard; (2) evidence that former counsel was informed of the allegations and allowed the opportunity to respond; and (3) evidence the aggrieved party filed a complaint with appropriate disciplinary authorities, and if not, why not.

*Mickeviciute v. I.N.S.*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003) (emphasis added).

*Lozada*'s "high standard" ensures that the BIA has "a basis for assessing the substantial number of claims of ineffective assistance of counsel that come before [it]" because, in the absence of "essential information . . . , it is impossible to evaluate the substance of such claim[s]." *Lozada*, 19 I. & N. Dec. at 639.

The BIA in this case concluded that Ms. Lian did not satisfy *Lozada*'s first step because the letter to Ms. Ayriyan was not an affidavit and did not detail the agreement the two entered into. In her petition for review, Ms. Lian takes issue with this conclusion, arguing that the letter to Ms. Ayriyan was offered to satisfy *Lozada*'s second step, not its first, and that the BIA abused its discretion by ignoring the notarized letter to the BIA that was offered to satisfy *Lozada*'s first step. DHS accepts that Ms. Lian's notarized letter may satisfy step one of *Lozada*. But it argues that even in those circuits that have extended the substantial-compliance doctrine to

- 4 -

*Lozada*, which this circuit has not, an aggrieved party must still comply with at least two of *Lozada*'s requirements—a charge Ms. Lian does not meet. We agree.[1]

Turning to steps two and three of *Lozada*, the BIA concluded that the certified mail receipts Ms. Lian submitted to the BIA with her letter to Ms. Ayriyan and letter to the State Bar of California were insufficient to satisfy *Lozada* because they were neither dated nor postmarked. *See Mickeviciute,* 327 F.3d at 1161 n.2 (requiring "evidence that former counsel *was informed* of the allegations" and "evidence the aggrieved party *filed* a complaint with appropriate disciplinary authorities") (emphasis added)). As such, the BIA denied Ms. Lian's remand request.

We cannot say that the BIA's denial of Ms. Lian's request to remand was an abuse of discretion, and Ms. Lian has not offered any authority suggesting otherwise. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1363 (10th Cir. 2004) (citing *Mickeviciute* for proposition that there was "no abuse of discretion by BIA's denial of motion . . . where petitioner failed to comply with *Lozada*"). We therefore need not address Ms. Lian's challenge to the BIA's additional determination that the letter allegedly sent to Ms. Ayriyan "offer[ed] no opportunity for her former counsel to respond." Admin. R. at 10.

---

[1]   In agreeing with DHS, we intend only to acknowledge that Ms. Lian failed to satisfy at least two of *Lozada*'s three requirements. This Circuit still reads *Lozada* in the conjunctive. *See Mickeviciute*, 327 F.3d at 1161 n.2 (requiring aggrieved party to meet all three of *Lozada's* requirements); *cf. Tang v. Ashcroft*, 354 F.3d 1192, 1196-97 (10th Cir. 2003) (declining to decide whether substantial-compliance doctrine should be extended to *Lozada*).

**CONCLUSION**

For the foregoing reasons, the petition for review is DENIED.

Entered for the Court

John C. Porfilio
Senior Circuit Judge