FILED
United States Court of Appeals
Tenth Circuit

August 23, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ADALI NOLBERTO LOPEZ,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 12-9508
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **MATHESON**, Circuit Judge, **PORFILIO**, Senior Circuit Judge, and
**BALDOCK**, Circuit Judge.

Adali Nolberto Lopez, a native and citizen of Guatemala appearing pro se,

petitions for review of an order of the Board of Immigration Appeals

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(BIA) denying as untimely his motion to reopen deportation proceedings. We have jurisdiction under 8 U.S.C. § 1252(a)[1] and deny the petition for review.

## I. BACKGROUND

Mr. Lopez entered the United States without inspection in 1993. He filed an application for asylum in 1994, asserting that (1) when he was in the tenth grade at school, he was forced from his home against his will to train with a guerilla group, (2) he escaped from the guerrilla group after a few days, and (3) he left immediately for the United States because he feared the guerrillas would kill him if he stayed in Guatemala. Admin. R. at 142. Deportation proceedings commenced in March 1996. Throughout the administrative proceedings, an accredited representative from the Hispanic American Mission, not an attorney, represented Mr. Lopez. *See id.* at 46, 63, 75, 84-85.[2]

In September 1996, the Immigration Judge (IJ) denied asylum and withholding of deportation, but granted Mr. Lopez's request for voluntary departure. *Id.* at 71.

---

[1]    Prior to the REAL ID Act of 2005, this case would have been governed by the transitional rules of the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009, because Mr. Lopez's case was commenced before April 1, 1997, the effective date of IIRIRA, and the final order of deportation was entered after October 31, 1996. *See Desta v. Ashcroft*, 329 F.3d 1179, 1180 n.1 (10th Cir. 2003). However, section 106(d) of the REAL ID Act requires this court to treat the case as if it had been filed under IIRIRA's permanent rules (as amended by the REAL ID Act). *See* Pub. L. No. 109-13, sec. 106(d), 119 Stat. 231, 311.

[2]    Non-lawyers may be authorized to provide representation in deportation proceedings as "[a]ccredited representatives." 8 C.F.R. § 292.1(a)(4); *see also id.* § 292.2(a).

The IJ explained the voluntary departure order to Mr. Lopez at the end of the hearing, *see id.* at 106-07, and his representative also told him that he had to leave the United States voluntarily, *see id.* at 41. Mr. Lopez's representative filed a two-page brief on appeal to the BIA. *Id.* at 51-52. The BIA dismissed the appeal in May 1997, agreeing with the IJ that Mr. Lopez had failed to show that he was persecuted on account of a statutorily protected ground and therefore had failed to carry his burden of proof for asylum or withholding of deportation. *Id.* at 46.

In November 2010, Mr. Lopez filed, through counsel, a motion to reopen with the BIA. *Id.* at 33-39. He argued that his representative's negligence caused him to lose his appeal to the BIA because she failed to: (1) file a brief with the BIA, (2) inform him of the voluntary departure order, and (3) inform him of any other alternatives to seek further review of his claim. *Id.* at 35. He further argued that she failed to inform him of the BIA's decision. *See id.* at 39. The government opposed the motion to reopen.

The BIA concluded that Mr. Lopez's motion to reopen was untimely in light of the ninety-day deadline to file a motion to reopen with the BIA. *Id.* at 7 (citing 8 C.F.R. § 1003.2(c)). The BIA further determined that Mr. Lopez was not entitled to equitable tolling of the filing deadline because the record contradicted some of his allegations of ineffective assistance and because he had not supported all of his allegations with evidence. *See id.* The BIA concluded that he therefore had failed to meet the requirements of *In re Lozada*, 19 I. & N. Dec. 637 (BIA 1988). *See* Admin.

R. at 7.  The BIA discerned no reasonable explanation for Mr. Lopez's thirteen-year delay in filing his motion to reopen, and concluded that he had failed to exercise due diligence to warrant equitable tolling.  *Id.* at 8.  Finally, the BIA decided that Mr. Lopez had failed to establish an exceptional situation warranting sua sponte reopening by the BIA.  *Id.*  Mr. Lopez filed his pro se petition for review in the Ninth Circuit, which transferred the petition to this court.

## II.  DISCUSSION

In his opening brief, Mr. Lopez argues that:  (1) he should be allowed to reopen because his accredited representative provided ineffective assistance during his deportation proceedings in failing to advise him that he could file a petition for review in this court; and (2) the change in country conditions in Guatemala warranted the reopening of his deportation proceedings.

### A. *Ineffective Assistance*

We review the BIA's decision denying a motion to reopen as untimely for abuse of discretion.  *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361-62 (10th Cir. 2004).  Mr. Lopez does not argue that his motion to reopen was timely.  And "we do not have jurisdiction to consider [whether] the BIA should have sua sponte reopened the proceedings under 8 C.F.R. § 1003.2(a) because there are no standards by which to judge the agency's exercise of discretion."  *Id.* at 1361.  Mr. Lopez instead relies on equitable tolling based on his representative's ineffective assistance to overcome the untimeliness of his motion to reopen.

- 4 -

But Mr. Lopez's opening brief does not challenge the BIA's conclusions that (1) he failed to comply with the *In re Lozada* requirements and (2) he failed to exercise due diligence in filing his motion.

> Under *Matter of Lozada*, a motion based on a claim of ineffective assistance of counsel must be supported by (1) the aggrieved party's affidavit setting forth the agreement that was entered into with former counsel and what counsel did or did not represent to the respondent in this regard; (2) evidence that former counsel was informed of the allegations and allowed the opportunity to respond; and (3) evidence the aggrieved party filed a complaint with appropriate disciplinary authorities, and if not, why not. *Matter of Lozada*, 19 I. & N. Dec. at 639.

*Mickeviciute v. INS*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003). Mr. Lopez's brief does not address the *In re Lozada* requirements or attempt to show how he met them. At most, he states that he "requested from the Board of Immigration Appeals to toll the time due to the nature of his motion." Pet'r's Opening Br. at 3. Issues inadequately raised in the opening brief are deemed waived. *Iliev v. Holder*, 613 F.3d 1019, 1026 n.4 (10th Cir. 2010). And although Mr. Lopez makes a brief reference to *In re Lozada* in his reply brief, "arguments raised for the first time in a reply brief are generally deemed waived." *United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011).

### B. *Changed Country Conditions*

We lack jurisdiction to consider Mr. Lopez's argument that changed country conditions warranted reopening. He failed to exhaust administrative remedies regarding this claim because he did not present it to the BIA, and the BIA did not

address it sua sponte. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1119-22 (10th Cir. 2007).

## III. CONCLUSION

The petition for review is denied.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge