**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 10, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ADALI NOLBERTO LOPEZ,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 13-9522
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Adali Nolberto Lopez, a native and citizen of Guatemala, illegally entered the

United States in 1993. The following year he applied for asylum. An immigration

judge and the Board of Immigration Appeals concluded that he had not shown

persecution on account of a statutorily protected ground and denied his application.

The proceedings concluded in 1997.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Thirteen years later, in 2010, Mr. Lopez moved to reopen the deportation proceedings on the basis of ineffective assistance of counsel. The BIA dismissed the motion as untimely and this court denied Mr. Lopez's petition for review. *Lopez v. Holder*, 495 F. App'x 889 (10th Cir. 2012).

Dissatisfied but undeterred Mr. Lopez filed a second *pro se* motion to reopen his case with the BIA. The BIA concluded that Mr. Lopez's motion was both untimely *and* "number barred" because only a single motion to reopen may be filed under applicable law. The Board further noted that Mr. Lopez's new evidence is insufficient to support his claim for relief. It is this ruling that we are now asked to review.

We may review the BIA's denial of a motion to reopen only for an abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted).

In this appeal Mr. Lopez argues that the Board didn't sufficiently consider the new information he provided in his motion, but he fails to address the Board's primary holding that his motion was untimely and number barred. Mr. Lopez's failure in his brief before us to address the Board's primary holding requires us to deny his petition for review. *See, e.g.*, *Iliev v. Holder*, 613 F.3d 1019, 1026 n.4 (10th Cir. 2010); *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

Neither, in any event, do we see how Mr. Lopez could successfully overcome the Board's primary holding even if he had tried. In general, an alien may file only one motion to reopen, which must be filed within 90 days of the final administrative decision. *See* 8 C.F.R. § 1003.2(c)(2). Here, Mr. Lopez's second motion was filed more than a decade after the Board's 1997 decision.

To be sure, an exception to the time bar exists if the motion to reopen is based on proof of changed country conditions and "such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *Wei v. Mukasey*, 545 F.3d 1248, 1254 (10th Cir. 2008) (internal quotation marks omitted). We have not yet decided whether changed country conditions are also an exception to the number bar. *See id.* at 1254 n.2. But even if the exception applies to both restrictions, Mr. Lopez has failed to explain how he might satisfy it. Before the Board he simply proffered a copy of his original asylum application with two reports about human rights in Guatemala without explaining what's new or why it would not have been known earlier. In these circumstances, we cannot say the Board committed any abuse of discretion in applying the time or number bar.

To the extent Mr. Lopez separately intimates that ineffective assistance of counsel supplies another exception to the time and number bar, he has not addressed the requirements necessary to make out such a claim nor "attempt[ed] to show how

- 3 -

he met them." *See Lopez*, 495 F. App'x at 891; *see also Mickeviciute v. INS*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003).

The petition for review is denied.

Entered for the Court


Neil M. Gorsuch
Circuit Judge