F I L E D
United States Court of Appeals
Tenth Circuit

OCT 28 2004

PATRICK FISHER
Clerk

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

OSCAR FEDERICO INFANZON,

Petitioner,

v.

JOHN ASHCROFT, Attorney General
of the United States,

Respondent.

No. 03-9565

---

APPEAL FROM THE BOARD OF IMMIGRATION APPEALS
PETITION FOR REVIEW
(BIA No. A93-477-461)

---

Submitted on the briefs:

Patrick C. Hyde of Patrick C. Hyde, P.C., Denver, Colorado, for Petitioner.

Linda S. Wendtland, Assistant Director, Rena I. Curtis, Attorney, United States
Department of Justice, Civil Division, Office of Immigration Litigation,
Washington, D.C., for Respondent.

---

Before **HENRY** , **MURPHY** , and **TYMKOVICH** , Circuit Judges.

---

**TYMKOVICH** , Circuit Judge.

---

Petitioner seeks review of a Board of Immigration Appeals (BIA) order denying his motion to reopen removal proceedings. We have jurisdiction, and we deny the petition for review. [1]

Background

The record reflects that the immigration judge (IJ) denied petitioner's application for asylum and withholding of removal on July 5, 1999. The IJ determined that petitioner, a Peruvian national, had failed to demonstrate the requirements for asylum and withholding of removal. Admin. R. at 276-81. On June 19, 2002, the BIA affirmed the IJ's decision without opinion, permitting voluntary departure. *Id.* at 253. Petitioner did not seek judicial review of the order affirming the IJ's removal order. According to petitioner, he departed the United States in August of 2002, but soon returned and was apprehended and placed in custody of the Immigration and Naturalization Service (INS) [2] on November 6, 2002. *Id.* at 65.

---

[1] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

[2] On March 1, 2003, the INS ceased to exist as an agency within the Department of Justice. Its enforcement functions were transferred to the Department of Homeland Security. *See* Homeland Security Act of 2002, Pub. L. No. 107-296, 116 Stat. 2135 (2002). Because the majority of events at issue here predate that reorganization, we continue to refer to the INS in this opinion.

On January 24, 2003, petitioner filed his motion to reopen with the BIA. *Id.* at 213. He claimed that because of "ineffective assistance of counsel and lack of material evidence" not previously available at his original hearing, he had been denied the right to have his asylum claim fairly considered. *Id.* at 215. Following a response by the INS, the BIA denied the motion to reopen on two grounds: first, the motion was untimely filed because it was not filed within ninety days after the BIA decision on removal entered June 19, 2002, as required by 8 U.S.C. § 1229(a)(c)(6)(C)(i); 8 C.F.R. § 1003.2(c)(2)(2003), and second, the motion failed to comply with the requirements set forth in *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), when ineffective assistance of counsel is alleged.[3] Admin. R. at 2.

In his petition for review, petitioner presents three issues. First, he claims that under the circumstances of his case, the BIA was obligated to reopen the case sua sponte under 8 C.F.R. § 1003.2(a), rather than rely on the timeliness requirement of § 1003.2(c). Pet'r Opening Br. at 10. Next, he contends that the BIA is obligated to provide the reviewing court a "rationale and evidence

---

[3] *Lozada* requires the motion to be supported by the aggrieved person's affidavit explaining the agreement with former counsel and counsel's representations to the person, evidence that former counsel was informed of and allowed the opportunity to respond to the allegations, and evidence the aggrieved person filed a complaint with appropriate disciplinary authorities or an explanation why this was not done. *See Mickeviciute v. INS*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003).

on the record as a whole." *Id.* at 10-11. Finally, he argues that the decision in *Lozada* does not always require the filing of a complaint against former counsel because the BIA or another attorney would be better suited to report the ineffectiveness of former counsel, particularly where the petitioner is in custody. *Id.* at 11.

Appellate Jurisdiction

A.  Sua Sponte Reopening

With respect to plaintiff's first issue, we do not have jurisdiction to consider petitioner's claim that the BIA should have sua sponte reopened the proceedings under 8 C.F.R. § 1003.2(a) because there are no standards by which to judge the agency's exercise of discretion. *See Belay-Gebru v. INS*, 327 F.3d 998, 1000 (10th Cir. 2003).

B.  BIA Order on Removal

We also do not have jurisdiction to review the BIA's June 19, 2002 order affirming the IJ's denial of petitioner's application for asylum because he did not timely file a petition for review from that order within thirty days as required by 8 U.S.C. § 1252(b)(1). *See Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (dismissing petition for review for lack of jurisdiction because petition was not timely filed); *see also Boudaguian v. Ashcroft*, 376 F.3d 825, 827

(8th Cir. 2004) (noting lack of jurisdiction over removal order where no timely petition of review filed from that order).

C. BIA Order Denying Motion to Reopen

We do, however, retain jurisdiction to consider the BIA's denial of petitioner's motion to reopen the proceedings. We recently held that we lacked jurisdiction to review an IJ's denial of a motion for continuance because that is a form of discretionary relief for which judicial review is precluded under 8 U.S.C. § 1252(a)(2)(B)(ii). *Yerkovich v. Ashcroft*, No. 02-9562, 2004 WL 1859928, at *4 (10th Cir. Aug. 20, 2004). A motion to reopen, on the other hand, is separately authorized by 8 U.S.C. § 1229a(c)(6) (describing requirements for motion to reopen), as further explicated by 8 C.F.R. § 1003.2(c). It is considered a final, separately appealable order. *See Stone v. INS*, 514 U.S. 386, 405-06 (1995) (interpreting prior version of Immigration and Naturalization Act).

Moreover, a different section of the very statute limiting jurisdiction to review certain discretionary decisions, i.e., § 1252(a)(2)(B)(ii), also directs that appeals taken from an order of denial of a motion to reopen or reconsider will be consolidated "with the review of the order" sought to be reopened or reconsidered. 8 U.S.C. § 1252(b)(6) ("When a petitioner seeks review of an order under this section, any review sought of a motion to reopen . . . shall be consolidated with the review of that order."). This section would have been

unnecessary if Congress had intended such motions to be among those discretionary decisions not subject to review. Only where judicial review of the underlying order is precluded is denial of a subsequent motion to reopen also precluded. *See, e.g.*, *Patel v. United States Attorney Gen.*, 334 F.3d 1259, 1261 (11th Cir. 2003) (holding that when jurisdiction over final order is precluded, court lacked jurisdiction to review orders denying motions to reopen such final orders); *Dave v. Ashcroft*, 363 F.3d 649, 652 (7th Cir. 2004) (noting lack of jurisdiction to review motion to reopen where court lacks jurisdiction to review final removal order of alien who committed criminal offense covered by 8 U.S.C. § 1227(a)(2)(C)); *Sarmadi v. INS*, 121 F.3d 1319, 1322 (9th Cir. 1997) (holding that where jurisdiction to review final deportation order is explicitly withdrawn, authority to review motion to reopen is likewise withdrawn).

The government does not dispute that we have jurisdiction because "motions to reopen are the functional equivalent of and analogous to final orders of removal." Resp. Supp. Br. at 2. We conclude we have jurisdiction over the denial of the motion to reopen.

Standard of Review

"[W]e review the BIA's decision on a motion to reopen [only] for an abuse of discretion. The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of

-6-

any reasoning, or contains only summary or conclusory statements." *Gurung v. Ashcroft*, 371 F.3d 718, 720-21 (10th Cir. 2004) (alteration in original) (further quotation and citation omitted). Here, although the BIA's decision is succinct, its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law.

Discussion

To the extent petitioner argues that we are unable to determine on what grounds the BIA denied the motion to reopen, he is wrong. *See* Pet'r Opening Br. at 14. The motion was denied because it was untimely filed and failed to meet the requirements of *Lozada*. Admin. R. at 2; *see Osei v. INS*, 305 F.3d 1205, 1209 (10th Cir. 2002). "[T]he BIA uses the criteria set forth in [*Lozada*] as a screening device and does not generally consider the merits of such claims until the alien has met certain threshold requirements." *Id.* at 1209 (citations omitted). Petitioner's motion to reopen was not filed within ninety days, a fact petitioner did not even mention in the motion itself. *See* 8 C.F.R. § 1003.2(c)(2).

In response to the motion to reopen, the INS noted that even if petitioner were claiming that the time for filing the motion should be subject to equitable tolling, petitioner had failed to comply with the requirements for equitable tolling as outlined in *Riley v. INS*, 310 F.3d 1253, 1258 (10th Cir. 2002):

> The BIA must examine Appellant's situation to determine whether his particular case warrants equitable tolling. . . . Specifically, the BIA must review Appellant's due diligence along with his attempts to comply with the BIA's requirements detailed in *Matter of Lazoda*, 19 I. & N. 637, 639 (BIA 1988) (claims of ineffective assistance of counsel require a threefold showing: 1) affidavit detailing agreement with counsel, 2) counsel informed of allegations and given opportunity to respond, and 3) complaint filed with disciplinary authorities).

*See* Admin. R. at 196.

In reply, petitioner attempted to explain his compliance with *Lozada* by stating (1) that "an affidavit is unnecessary because the former attorney has obviously contracted to represent" him in an effective manner, (2) that the motion to reopen did not rest entirely on ineffective assistance of counsel but also "on an unfair individual asylum hearing, which may or may not have been as a result of ineffective assistance of counsel," and (3) that he did not "want to begin a lawsuit against his former attorney," having "neither the money nor the desire now to file an ineffective assistance of counsel complaint." Admin. R. at 68. Petitioner further stated that the exhibits presented with his motion to reopen "most likely [were] not discovered or presented at the prior hearing as a matter of ineffective assistance of counsel." *Id.* at 69. One of these documents was a statement from petitioner's doctor based on a December 23, 2002 examination, concluding petitioner had been abused and "continues to suffer the physical and psychological consequences of [his] mistreatment." *Id.* at 220. Petitioner's

-8-

hearing, however, occurred in January of 1999. *Id.* at 290. The injuries occurred, according to the doctor's report, in 1983 and 1987. *Id.* at 220. Petitioner further suggested that counsel should not have relied on petitioner's own testimony, *id.* at 70, and asserted he would present evidence to support "'old asserted facts,'" not that he would prove "'new facts.'" *Id.* at 69. [4]

We have recited these arguments at some length because they illustrate petitioner's lack of support for his claimed entitlement to equitable tolling and his complete failure, even when furnished with the road map to follow, to satisfy the requirements of *Lozada*. Indeed, it is petitioner's belated challenges, some made years after the events he testified to at the administrative proceedings, that underscore the need for adherence to the "high standard . . . necessary . . . [as] a basis for assessing the substantial number of claims of ineffective assistance of counsel that come before the Board." *Lozada*, 19 I. & N. Dec. at 639; *see Mickeviciute v. INS*, 327 F.3d 1159, 1161 n.2 (10th Cir. 2003) (noting that motion based on claim of ineffective assistance of counsel *must* be supported as outlined in *Lozada*); *Tang v. Ashcroft*, 354 F.3d 1192, 1196-97 (10th Cir. 2003) (noting no

---

[4] One of the requirements for a motion to reopen is that the motion "state the new facts that will be proven at a hearing to be held if the motion is granted . . . ." 8 C.F.R. § 1003.2(c)(1). Consequently, petitioner's arguments are more in line with the requirements for a motion to reconsider, *id.*, for which the filing deadline is thirty days after the mailing of the BIA decision. *See, e.g.*, *Zhang v. INS*, 348 F.3d 289, 293 (1st Cir. 2003) (purpose of motion to reconsider is not to raise new facts but to demonstrate BIA erred as matter of law or fact).

abuse of discretion by BIA's denial of motion to reopen where petitioner failed to comply with *Lozada*).

Finally, petitioner argues that he has now filed a complaint against his former attorney and, in addition, "is in the process of submitting more evidence of his eligibility for asylum." Pet'r Opening Br. at 20. However, we are foreclosed from considering petitioner's new claims because our review is restricted to "the administrative record on which the order of removal is based." 8 U.S.C. § 1252(b)(4)(A). Petitioner's argument that "the BIA concern and purpose for the *Lozada* mechanism as a screening device is not in issue because the claim is not frivolous and not brought as a device to delay deportation," Pet'r Opening Br. at 24, is conclusory, unsupported, and self-serving. Petitioner has failed to demonstrate that the BIA abused its discretion in denying his motion to reopen.

Accordingly, the petition for review is DENIED.