**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**December 15, 2005**

**TENTH CIRCUIT**

**Clerk of Court**

JESUS FAJARDO,

        Petitioner,

v.

ALBERTO GONZALES, Attorney
General,

        Respondent.

No. 05-9516

(BIA No. A70-688-340)

(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **McKAY**, and **HENRY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f). The case is therefore submitted without oral argument.

Petitioner is an alien from El Salvador. In 1997, an immigration law judge ("ILJ") found that he should be deported, denied his applications for asylum and withholding of deportation, and granted him voluntary departure. Petitioner

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

appealed the ILJ's decision to the Board of Immigration Appeals ("BIA") which dismissed his appeal on August 10, 1999. On July 19, 2000, Petitioner filed a motion to reopen his deportation proceedings which the BIA also denied. Subsequently, On February 9, 2005, Petitioner filed a second motion to reopen with the BIA. The BIA denied that motion as being numerically barred by its regulations. Petitioner now files the instant petition for a review of the BIA's denial of his second motion to reopen.

We review the BIA's denial of a motion to reopen for an abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1335, 1362 (10th Cir. 2004). The Board "abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks and citation omitted). Generally, the BIA has "broad discretion" to grant or deny a motion to reopen. *See INS v. Doherty*, 502 U.S. 314, 323 (1992) (quoting *INS v. Rios-Pineda*, 471 U.S. 444, 449 (1985)).

There is nothing in this case indicating that the BIA abused its discretion when it denied Petitioner's second motion to reopen. In its order, the BIA explained, "[T]he motion to reopen exceeds the numerical limitations for motions to reopen and will be denied." A.R. at 2; *see* 8 C.F.R. § 1003.2(c)(2). The order further explained that the BIA is generally limited to reviewing only one motion

-2-

to reopen, except in certain circumstances not present in Petitioner's case.

Based on our review of the facts and relevant law surrounding this issue, we determine that the BIA did not abuse its discretion when it denied Petitioner's second motion to reopen.

Accordingly, the BIA's decision is **AFFIRMED**.

Entered for the Court


Monroe G. McKay
Circuit Judge