**F I L E D**

UNITED STATES COURT OF APPEALS

**January 24, 2006**

FOR THE TENTH CIRCUIT

OSCAR FEDERICO INFANZON,

Petitioner,

v.

No. 05-9542
(No. A93-477-461)
(Petition for Review)

ALBERTO R. GONZALES, Attorney
General,

Respondent.

ORDER AND JUDGMENT[*]

Before **HENRY**, **McKAY**, and **MURPHY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Oscar Federico Infanzon, a native and citizen of Peru, petitions for review

of the Board of Immigration Appeals' decision concluding that Mr. Infanzon's

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

second motion to reopen his removal proceedings was automatically withdrawn by his departure from the United States. R. at 2.

The record shows that, following entry of a final order of removal, Mr. Infanzon was returned to Peru, and that his second motion to reopen was filed after his departure. Regulations found in 8 C.F.R. § 1003.2(d)[1] prohibit the filing of motions to reopen by removed aliens who have departed the United States. *See Singh v. Gonzales,* 412 F.3d 1117, 1121 (9th Cir. 2005) (noting that § 1003.2(d) bars motions to reopen by persons who depart the United States after commencement of removal proceedings); *Azarte v. Ashcroft,* 394 F.3d 1278, 1281-82 (9th Cir. 2005) (stating that an alien who departs after being granted relief from removal in the form of voluntary departure forfeits the right to a motion to reopen). Accordingly, the Board did not abuse its discretion in refusing to consider the second motion to reopen. *Cf. Infanzon v. Ashcroft,* 386 F.3d 1359, 1364 (10th Cir. 2004) (affirming denial of Mr. Infanzon's first motion to reopen

---

[1] Section 1003.2(d) provides:

A motion to reopen . . . shall not be made by or on behalf of a person who is the subject of exclusion, deportation, or removal proceedings subsequent to his or her departure from the United States. Any departure from the United States, including the deportation or removal of a person who is the subject of exclusion, deportation, or removal proceedings, occurring after the filing of a motion to reopen or a motion to reconsider, shall constitute a withdrawal of such motion.

because the Board correctly interpreted the law and, therefore, did not abuse its discretion).

We reject Mr. Infanzon's assertion that *Tapia Garcia v. INS*, 237 F.3d 1216 (10th Cir. 2001), *abrogated in part on other grounds by Leocal v. Ashcroft*, 543 U.S. 1, __, 125 S. Ct. 377, 382-83 (2004), requires the Board to consider his second motion to reopen. *Tapia Garcia* did not involve the review of a dismissal of a motion to reopen. In *Tapia Garcia*, we held that the alien's petition for review of his final order of deportation was not mooted by his deportation because he would suffer collateral consequences of the order. *See id.* at 1218.

The petition for review is DENIED.

Entered for the Court


Monroe G. McKay
Circuit Judge