FILED
United States Court of Appeals
Tenth Circuit

September 27, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JESUS ESPARZA-RUVALCABA,

           Petitioner,

      v.

ERIC H. HOLDER, JR., United States
Attorney General,

           Respondent.

No. 12-9509

(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

_____

After examining the briefs and the administrative record, this panel has determined

unanimously that oral argument would not materially assist in the determination of this

appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered

submitted without oral argument.

Petitioner Jesus Esparza-Ruvalcaba, proceeding pro se, petitions for review of the

Board of Immigration Appeals' dismissal of his appeal from the immigration judge's

denial of his motion to reopen and reconsider and for review of the BIA's denial of his

motion to remand. Both Petitioner's motion to reopen and reconsider and his motion for

_____

[*] This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

remand were based in part on his allegation that he received ineffective assistance of counsel during the initial proceeding.

In addition to challenging the BIA's order, Petitioner apparently raises two other issues for review. First, he argues the immigration judge's denial of his request for a continuance violated his due process rights. Second, he challenges the denial of his request for voluntary departure. Because Petitioner did not raise the due process argument before the BIA, we lack jurisdiction to consider it. *Torres de la Cruz v. Maurer*, 483 F.3d 1013, 1017 (10th Cir. 2007). We also "lack jurisdiction to review an immigration judge's refusal to grant voluntary departure." *Ekasinta v. Gonzales*, 415 F.3d 1188, 1190 (10th Cir. 2005). We therefore review only the BIA's order dismissing the appeal and denying Petitioner's motion for remand.

We review BIA orders denying motions to reopen, motions for reconsideration, and motions to remand for abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004); *Belay-Gebru v. I.N.S.*, 327 F.3d 998, 1000 n.5 (10th Cir. 2003); *Witjaksono v. Holder*, 573 F.3d 968, 978-79 (10th Cir. 2009). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon*, 386 F.3d at 1362 (quoting *Gurung v. Ashcroft*, 371 F.3d 718, 720-21 (10th Cir. 2004)).

Nothing in the briefs or the administrative record persuades us there was any error in the BIA's order. Therefore, for substantially the same reasons given by the BIA, we

-2-

**DENY** Petitioner's petition for review.

Entered for the Court


Monroe G. McKay
Circuit Judge