FILED
United States Court of Appeals
Tenth Circuit

December 16, 2013

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

TANG GUOYING,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 13-9555
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, Circuit Judge, **BRORBY**, Senior Circuit Judge, and **BACHARACH**, Circuit Judge.

The federal government ordered removal of Tang Guoying (Tang). She sought reopening of her removal proceedings, arguing that she had a bona fide marriage to a United States citizen. The Board of Immigration Appeals denied the motion to

---

[*]     The Court has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

This order and judgment does not constitute binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

reopen, and Tang filed a petition for us to review the Board's decision. We deny the petition.

I. **Removal Order for Tang & Her Unsuccessful Motion to Reopen**

Tang is a citizen of the People's Republic of China. She entered the United States in 2001 with her husband, Rong Hui Zhang. Tang's visa allowed her to remain in the country until January 5, 2002. But she failed to leave, and the government sought removal.

She appeared before an Immigration Judge and conceded her removability. However, she requested asylum and restriction on removal based on a fear of future persecution if she were to return to China. She applied for asylum, and an Immigration Judge denied the application. Subsequently, the Board of Immigration Appeals dismissed the administrative appeal.

Tang filed a motion to reopen with the Board. In her motion to reopen, Tang claimed that: (1) in May 2011, she had married Long V. Luong, a United States citizen, and (2) her new husband had filed an I-130 visa petition on her behalf with the United States Citizenship and Immigration Services. To support her motion to reopen, Tang submitted three exhibits to the Board: (1) a copy of her certificate showing marriage to Long V. Luong; (2) a filing receipt for the I-130 visa petition; and (3) a copy of the Board's decision denying her administrative appeal. The Department of Homeland Security objected to the motion to reopen, providing

documents showing that the new husband's I-130 visa petition had been processed only through the initial review stage and had not been approved.

The Board of Immigration Appeals denied Tang's motion to reopen, reasoning:

> We may grant a timely motion to reopen based on marriage to a United States citizen and a pending I-130 visa petition, notwithstanding that a visa petition has not yet been approved, if the alien demonstrates by clear and convincing evidence that the marriage is bona fide and that she is likely to succeed on the application for adjustment of status. *Matter of Velarde[-Pacheco]*, 23 I&N Dec. 253 (BIA 2002).
>
> The respondent's motion does not establish that reopening is warranted. The motion is accompanied by a photocopied marriage certificate which is mostly illegible, a receipt for the filing of the I-130 visa petition, and a copy of the Board's decision on appeal. This is insufficient to demonstrate that the respondent is married to a United States citizen, or that the marriage is bona fide. We note that the respondent's motion claims she married a United States citizen on May 17, 2011, yet in her brief on appeal filed on April 7, 2011, the respondent indicated she was still married to her co-respondent, and the respondent has not submitted any evidence that the couple have divorced. The evidence accompanying this motion does not meet the respondent's burden of establishing reopening is warranted.

Certified Administrative Record at 584-85 (footnote omitted). The Board also noted that although "DHS counsel ha[d] submitted a database printout indicating that a divorce decree was submitted to [the United States Citizenship and Immigration Services], . . . the printout contain[ed] no information regarding the contents of the divorce decree." *Id.* at 585 n.2.

- 3 -

## II.     The Board's Exercise of Its Discretion

We review the Board's decision only to determine whether it abused its discretion.  *See Galvez Pineda v. Gonzales*, 427 F.3d 833, 838 (10th Cir. 2005). "The [Board of Immigration Appeals] abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements."  *Id.* (internal quotation marks omitted).

The Board acted within its discretion by denying the motion to reopen.  In denying the motion, the Board noted that because the I-130 visa petition for Tang had not yet been approved, she still had to submit "clear and convincing evidence indicating a strong likelihood that [her] marriage [was] bona fide."  *In re Velarde-Pacheco*, 23 I. & N. Dec. 253, 256 (BIA 2002).  The Board rationally determined that her evidence had not established that her marriage to Long V. Luong was legal or bona fide.  The marriage certificate was illegible and Tang did not explain how she could have married Long V. Luong when she was already married to Rong Hui Zhang.  Indeed, in a brief filed only one month before the purported marriage to Long V. Luong, Tang stated that she was still married to Rong Hui Zhang.  And in the motion to reopen, there was no mention of a divorce between Tang and Rong Hui Zhang.

In the present action, Tang attempts to cure the legibility problem, submitting a legible copy of her marriage certificate and two letters stating that she and Long V.

- 4 -

Luong had wed in May 2011. However, "we are foreclosed from considering [Tang's new evidence in support of her motion to reopen] because our review is restricted to 'the administrative record on which the order of removal is based.'" *Infanzon v. Ashcroft*, 386 F.3d 1359, 1363 (10th Cir. 2004) (quoting 8 U.S.C. § 1252(b)(4)(A)). But even if we were to entertain the new evidence, we could not fault the Board for its decision. Tang did not explain to the Board (or to us) how she could marry Long V. Luong when she was already married to Rong Hui Zhang.

The petition for review is denied.

Entered for the Court


Robert E. Bacharach
Circuit Judge