FILED
United States Court of Appeals
Tenth Circuit

December 4, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VICTOR S. BELTRAN-VALLES,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 14-9538
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **LUCERO**, **GORSUCH**, and **MORITZ**, Circuit Judges.

Victor S. Beltran-Valles, a native and citizen of Mexico, petitions for review

of the decision of the Board of Immigration Appeals ("BIA") denying his motion to

reopen his immigration proceedings to pursue claims for asylum, withholding of

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

removal, and protection under the Convention Against Torture ("CAT").[1]  Exercising

jurisdiction under 8 U.S.C. § 1252(a)(1), we deny the petition.

# I

In support of his motion to reopen, Beltran-Valles filed an affidavit explaining

that after the BIA dismissed his appeal, he spoke with his brother about returning to

their hometown, Elota, Sinaloa, Mexico.  That brother, who is 29 years old and lives

in Elota, told Beltran-Valles that between April and December of 2013, he was

approached to join a drug cartel and threatened with execution if he refused.

Nevertheless, that brother refused to join.  In addition, another of Beltran-Valles'

brothers was threatened by cartel members.  Accordingly, Beltran-Valles fears that

upon his return to Elota, because his brothers resisted recruitment by the drug cartels,

the cartels will threaten and kill him.

Beltran-Valles sought to establish his eligibility for asylum by showing that he

"is unable or unwilling to return to, and is unable or unwilling to avail himself . . . of

the protection of" Mexico because of "a well-founded fear of persecution on account

of . . . membership in a particular social group," 8 U.S.C. § 1101(a)(42).

Beltran-Valles described his particular social group as male siblings of an individual

---

[1] "Restriction on removal was referred to as 'withholding of removal' before amendments to the [Immigration and Nationality Act] made by the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA).  Although both parties and the [BIA] refer to withholding of removal, for the sake of accuracy, and because this claim was filed after IIRIRA's effective date, we will use the term 'restriction on removal' throughout this [order and judgment]."  Neri-Garcia v. Holder, 696 F.3d 1003, 1006 n.1 (10th Cir. 2012) (quotation and alteration omitted).

who resisted active recruitment by drug cartels. The BIA ruled that Beltran-Valles' evidence of his proposed social group was insufficient to demonstrate prima facie eligibility for relief.

## II

We review the BIA's denial of a motion to reopen for an abuse of discretion. Infanzon v. Ashcroft, 386 F.3d 1359, 1362 (10th Cir. 2004). "[M]otions to reopen immigration cases are plainly disfavored and [the movant] bears a heavy burden to show the BIA abused its discretion." Maatougui v. Holder, 738 F.3d 1230, 1239 (10th Cir. 2013) (quotations and alteration omitted).

A motion to reopen must "state the new facts that will be proven at a hearing to be held if the motion is granted, and [the movant] must support those facts with affidavits or other evidentiary material." Id. at 1239-40; 8 C.F.R. § 1003.2(c)(1). The proffered new facts "must demonstrate that if proceedings before the [Immigration Judge] were reopened, with all the attendant delays, the new evidence offered would likely change the result in the case." Maatougui, 738 F.3d at 1240 (brackets and quotation omitted). Even if the movant has made out a prima facie case for relief, the BIA has discretion to deny a motion to reopen. INS v. Abudu, 485 U.S. 94, 105-06 (1988).

## III

To qualify as a "particular social group" within the meaning of § 1101(a)(42), the group must meet the requirements of "particularity" and "social visibility," in

addition to being "a group of persons all of whom share a common, immutable characteristic, [that is] one that the members of the group either cannot change or should not be required to change because it is fundamental to their individual identities or consciences." Rivera-Barrientos v. Holder, 666 F.3d 641, 648 (10th Cir. 2012) (quotations omitted).

Beltran-Valles challenges the BIA's conclusion that his proposed social group, male siblings of an individual who resisted active recruitment by drug cartels, did not meet the particularity and social visibility criteria. Additionally, the BIA held that Beltran-Valles had not submitted sufficient evidence that he has a well-founded fear of persecution on account of group membership. We agree, and conclude that even if the proposed social group met the particularity and social-visibility requirements, Beltran-Valles did not produce sufficient evidence to demonstrate a well-founded fear of persecution on account of group membership.

Beltran-Valles relies on his own affidavit, a Guidance Note on Refugee Claims Relating to Victims of Organized Gangs by the United Nations High Commissioner for Refugees ("UNHCR") (March 2010), and several newspaper articles and blogs. The affidavit states that Beltran-Valles' 29-year-old brother was approached and threatened by an unnamed drug cartel between April and December 2013, suggesting that there were more than two encounters, but not stating the number or dates of those encounters. The affidavit also states that another of Beltran-Valles' brothers, as well as "[o]ther individuals" in his hometown "have been threatened," and "[o]ther

-4-

town members have been kidnapped and never heard from again."  Beltran-Valles has not asserted that the threats to his other brother and town members, or the kidnappings, were on account of being the male sibling of a person who resisted active recruitment by drug cartels.

The UNHCR report describes widespread gang violence and drug-trafficking in Mexico.  Beltran-Valles relies on the report's statement that family members of those who have resisted gang activity may be targeted by gangs.  But the report does not indicate that male siblings of an individual who resisted active recruitment by drug cartels are more likely to be targeted.  According to the report, gangs are likely to target family members of other groups as well as those who have resisted gangs, such as former and current gang members, so-called "undesirables" (drug addicts, street children, sexual minorities, and sex workers), and whistleblowers.  Similarly, the newspaper articles and blogs Beltran-Valles submitted report on gang violence in Mexico but do not support his argument that his proposed social group is particularly vulnerable to gangs or cartels.  See Maatougui, 738 F.3d at 1241 ("[G]reater lawlessness in general does not show persecution of a protected class, as is required for asylum relief.").  Therefore, the BIA did not abuse its discretion by denying the motion to reopen to consider Beltran-Valles' asylum claim.

**IV**

We also conclude that the BIA did not abuse its discretion by denying reopening of Beltran-Valles' claim for restriction on removal.  "Having failed to

establish that he is entitled to discretionary consideration for asylum, [petitioner] has perforce failed to establish that he is entitled to [restriction on] removal, which, we have acknowledged, requires a petitioner to meet a higher standard than that for asylum." Ustyan v. Ashcroft, 367 F.3d 1215, 1218 (10th Cir. 2004) (quotation omitted).

**V**

Beltran-Valles also claims entitlement to CAT relief. "To be eligible for relief under the CAT, an individual must establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." Zhi Wei Pang v. Holder, 665 F.3d 1226, 1233-34 (10th Cir. 2012) (quotation omitted). "[T]orture at the hands of a public official, or at the instigation or with the acquiescence of such an official is prohibited under the [CAT]." Witjaksono v. Holder, 573 F.3d 968, 978 (10th Cir. 2009) (quotation omitted).

Beltran-Valles asserts that if he returns to Mexico, he will be tortured by the cartels, which the government is unable or unwilling to control. He does not allege that he or any of his family members have been tortured. Although the materials Beltran-Valles submitted indicate that cartel violence is a problem in Mexico, they also indicate that the Mexican government is making efforts to combat the cartels and control gang violence. Thus, "the evidence does not indicate that the . . . government will torture him or acquiesce in his torture." Id.

## VI

Finally, we consider Beltran-Valles' claim that the BIA's decision was devoid of reasoning and unsupported by the record. Although the decision is succinct, that alone is not necessarily an abuse of discretion. Infanzon, 386 F.3d at 1362. "The BIA is not required to write an exegesis on every contention. What is required is that it consider the issues raised, and announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and thought and not merely reacted." Maatougui, 738 F.3d at 1242-43 (brackets and quotation omitted). We hold the BIA's reasoning adequate for meaningful appellate review, as the discussion above demonstrates. See id. at 1243.

## VII

Beltran-Valles' evidence does not demonstrate that if his immigration proceedings were reopened, the new evidence would likely change the result in his case. Therefore, the BIA did not abuse its discretion by denying Beltran-Valles' motion to reopen. The petition for review is **DENIED**.

Entered for the Court

Carlos F. Lucero
Circuit Judge