**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

JIN JIAN CHEN,

      Petitioner,

v.

LORETTA E. LYNCH,
United States Attorney General,

      Respondent.

No. 15-9531
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **HOLMES** and **PHILLIPS**, Circuit Judges.
_____

Jin Jian Chen, a native and citizen of the People's Republic of China, petitions

for review of the Board of Immigration Appeals' (BIA) denial of his motion to

reopen his immigration case. Exercising jurisdiction under 8 U.S.C. § 1252, we deny

review.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

# I. BACKGROUND

Mr. Chen came to this country in 1992. The agency denied his application for asylum and withholding of exclusion and deportation in 1993, but he remained in the United States. He married and had two children, and in 2014, he became a Christian.

In January 2015, Mr. Chen moved the BIA to reopen his immigration case based on his religion, asserting that conditions had worsened for Christians in China.[1] In support of his motion, he asserted that if he were to be returned to China, he would attend an underground church and spread the gospel. He also submitted numerous documents that discussed China's treatment of members of underground Christian churches.

A motion to reopen immigration proceedings generally must be filed within 90 days of a final removal order. 8 U.S.C. § 1229a(c)(7)(C)(i). But the time limitation does not apply when the motion is "based on changed country conditions arising in the country of nationality . . . , if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding." *Id.* § 1229a(c)(7)(C)(ii). The BIA held that Mr. Chen did not satisfy this exception because the evidence did not show a material change in conditions for Christians in China since 1993. Therefore, the motion was untimely. Further, the BIA concluded that Mr. Chen failed to show prima facie eligibility for asylum or withholding of

---

[1] The motion to reopen also discussed Mr. Chen's fear of sterilization for violating China's one-child policy, but before this court Mr. Chen has abandoned this issue by failing to brief any argument regarding it. *See Rodas-Orellana v. Holder*, 780 F.3d 982, 985 n.1 (10th Cir. 2015).

2

exclusion and deportation because he had not demonstrated a well-founded fear of mistreatment amounting to persecution upon his return to China. He also failed to show eligibility for relief under the Convention Against Torture (CAT) because he did not demonstrate that it is more likely than not that he would be tortured with the acquiescence or willful blindness of a government official. The BIA therefore denied the motion to reopen.

## II. DISCUSSION

As stated, the BIA gave two reasons for denying Mr. Chen's motion. Because the second reason (failure to show prima facie eligibility for relief) justifies the denial of reopening, we need not address the first reason (untimeliness). *See INS v. Abudu*, 485 U.S. 94, 104 (1988) (stating that failure to establish a prima facie case for the relief sought is an independent ground for the BIA to deny a motion to reopen).

We review the BIA's denial of a motion to reopen for abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted). "[M]otions to reopen immigration cases are plainly disfavored, and [the movant] bears a heavy burden to show the BIA abused its discretion." *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013) (brackets and internal quotation marks omitted). The movant must present new facts, supported with evidence, that demonstrate the result of the case would likely change. *See id.* at 1239-40.

3

To be eligible for asylum, Mr. Chen must show he has a well-founded fear of future persecution. *See Tulengkey v. Gonzales*, 425 F.3d 1277, 1280 (10th Cir. 2005). "Persecution is the infliction of suffering or harm upon those who differ (in race, religion, or political opinion) in a way regarded as offensive, and requires more than just restrictions or threats to life and liberty." *Id.* (internal quotation marks omitted). A well-founded fear of persecution "must be both subjectively genuine and objectively reasonable." *Id.* at 1281. "For asylum purposes, it need not be shown that the situation will probably result in persecution, but it is enough that persecution is a reasonable possibility." *Ritonga v. Holder*, 633 F.3d 971, 976 (10th Cir. 2011) (internal quotation marks omitted). The standards for reviewing a denial of asylum are well-established:

> The BIA's determination that the applicant is not eligible for asylum must be upheld if supported by reasonable, substantial, and probative evidence on the record considered as a whole. It can be reversed only if the evidence presented by the applicant was such that a reasonable factfinder would have to conclude that the requisite fear of persecution existed.

*Yuk v. Ashcroft*, 355 F.3d 1222, 1233 (10th Cir. 2004) (brackets and internal quotation marks omitted).

To be eligible for withholding of deportation, Mr. Chen "must prove a clear probability of persecution upon deportation." *Rezai v. INS*, 62 F.3d 1286, 1289 (10th Cir. 1995) (internal quotation marks omitted). "[T]his 'clear probability' test is more stringent than the well-founded fear test used in the asylum context." *Id.*

4

Therefore, if Mr. Chen fails to prove eligibility for asylum, he necessarily fails to prove eligibility for withholding of deportation. *See id.*

Finally, "[t]o be eligible for relief under the CAT, an individual must establish that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." *Zhi Wei Pang v. Holder*, 665 F.3d 1226, 1233-34 (10th Cir. 2012) (internal quotation marks omitted). "Torture" is defined as "[a]ny act by which severe pain or suffering, whether physical or mental, is intentionally inflicted on a person . . . based on instigation . . . of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1).

Mr. Chen argues that "the evidence indicates that the Chinese government does not tolerate unauthorized religious groups. The evidence also establishes that the government has resorted to harassment, detention, and forced labor to curb unauthorized religious activities." Opening Br. at 20. In support, he points to accounts of China's restrictions on underground churches and mistreatment of church members.[2] The BIA recognized that "there have been reports of the detention of some leaders of underground, or 'house,' churches and harassment of some church members," R. at 4, but it concluded that such evidence was insufficient to establish that Mr. Chen "has a well-founded fear of mistreatment amounting to persecution," *id.* at 5.

_____

[2] Mr. Chen's opening brief quotes various State Department reports that are not in the administrative record, but we do not consider materials outside the administrative record. *See Ritonga*, 633 F.3d at 977 n.3.

5

Undeniably, Christians who do not affiliate with official churches face difficulties in China. But the BIA's determination that Mr. Chen does not have a well-founded fear of mistreatment *rising to the level of persecution* is not a misstatement of the law and is supported by substantial evidence. Harassment and even detention do not necessarily rise to the level of persecution. *See Ritonga*, 633 F.3d at 975 (observing that persecution "entail[s] more than just restrictions or threats to life and liberty" (internal quotation marks omitted)); *Tulengkey*, 425 F.3d at 1280 (citing authority that "denigration, harassment, and threats did not constitute persecution" (internal quotation marks omitted)); *Kapcia v. INS*, 944 F.2d 702, 704, 708 (10th Cir. 1991) (concluding petitioners who briefly were detained and beaten failed to establish past persecution). Further, to the extent that Christians may be discriminated against, "institutional discrimination . . . , while deplorable in any free society, did not constitute persecution affording petitioner eligibility for asylum." *Vatulev v. Ashcroft*, 354 F.3d 1207, 1210 (10th Cir. 2003). Moreover, the State Department's International Religious Freedom Report for 2012 recognizes that the likelihood of harassment varies throughout the country, with local authorities in some areas declining to interfere with small unregistered groups. It also indicates that mere members of underground churches may be treated less harshly than leaders and organizers.

Mr. Chen complains that the BIA did not address the non-governmental materials he submitted. The BIA, however, is entitled to rely on the State

6

Department's country reports. *See Yuk*, 355 F.3d at 1235-36 (stating that State Department reports can constitute substantial evidence).

The BIA's "rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law." *Infanzon*, 386 F.3d at 1362. Accordingly, the BIA did not abuse its discretion in concluding that Mr. Chen failed to make a prima facie case for asylum. That being so, it also did not abuse its discretion in concluding that he failed to make a prima facie case for withholding of exclusion and deportation. And as Mr. Chen relies on the same information to support his CAT claim, the BIA did not abuse its discretion in concluding that he failed to show it is more likely than not that he would be subjected to torture by, or with the acquiescence of, a public official.

The petition for review is denied.

Entered for the Court

Jerome A. Holmes
Circuit Judge