**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JOSE CHAVEZ-OCHOA, a/k/a Jose
Ochoa Chavez,

      Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

      Respondent.

No. 15-9582
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **TYMKOVICH**, Chief Judge, **BACHARACH** and **MORITZ**, Circuit Judges.
_____

Jose Chavez-Ochoa, a native and citizen of Mexico, seeks review of a Board of

Immigration Appeals' (BIA's) decision denying as untimely his motion to reopen

removal proceedings. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the

petition.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

BACKGROUND

In 1991, Chavez-Ochoa illegally entered the U.S. In 2008, the Department of Homeland Security ordered him to appear before an Immigration Judge (IJ). At a hearing, Chavez-Ochoa conceded removability and sought cancellation of removal or voluntary departure. The IJ denied Chavez-Ochoa's application and ordered him removed to Mexico. The BIA remanded for a new hearing, however, because the IJ had threatened to strike Chavez-Ochoa's direct testimony if on cross-examination he refused to answer whether he had ever claimed to be a U.S. citizen.

Following the new hearing, the IJ denied Chavez-Ochoa's request for cancellation of removal or voluntary departure. On November 25, 2014, the BIA dismissed the appeal. Chavez-Ochoa unsuccessfully sought reconsideration.

On June 29, 2015, Chavez-Ochoa filed a motion to reopen the removal proceedings so he could seek protection under the Convention Against Torture (CAT). He argued that his wife had recently become a police officer in Texas and her police chief had prohibited travel to Mexico because of a travel warning issued by the State Department.

The BIA found the motion untimely, as it was filed more than 90 days after the BIA dismissed his appeal. And while there is an exception to the time limitation when the motion is based on changed country conditions, the BIA determined that Chavez-Ochoa had not shown "a material change in country conditions for United States federal and local law enforcement personnel in Mexico since this matter was last before the [IJ]." R. at 4. Further, the BIA stated that Chavez-Ochoa's wife's employment as a police

2

officer was "a change in . . . personal circumstances, rather than a change in country conditions." *Id.*

## DISCUSSION
## I. Standards of Review

We review the BIA's denial of a motion to reopen for abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted). "[M]otions to reopen immigration cases are plainly disfavored, and [the movant] bears a heavy burden to show the BIA abused its discretion." *Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013) (brackets and internal quotation marks omitted).

## II. Timeliness

A motion to reopen immigration proceedings generally must be filed within 90 days of a final removal order, 8 U.S.C. § 1229a(c)(7)(C)(i), unless the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceeding," *id.* § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

First, Chavez-Ochoa argues the BIA lacks authority to determine whether there are changed country conditions and it "should have re-opened proceedings and remanded the case to the [IJ]." Pet. Opening Br. at 23. He is mistaken. The BIA has jurisdiction over

3

motions to reopen a case in which it has made a decision, 8 C.F.R. § 1003.2(a), and once that jurisdiction is exercised, it is exclusive, *see id.* § 1003.23(b). Moreover, the governing regulations specifically allow the BIA to determine whether the time and numerical limitations on motions to reopen can be excused because of changed circumstances. *See id.* § 1003.2(c)(3)(ii). And while the CAT regulations contemplate that an IJ will resolve a CAT application, *see id.* § 1208.16(c)(4), they do not affect the BIA's authority to determine in the first instance whether to consider an untimely or numerically-barred motion to reopen.

Next, Chavez-Ochoa argues the BIA erred in determining that conditions in Mexico had not changed from when his case "was last before the [IJ]" in 2013 and when he moved to reopen in June 2015. Pet. Opening Br. at 21. He contends that a change in conditions is shown by the confluence of two events: (1) his wife's January 2015 hiring as a police officer; and (2) the issuance of a State Department updated travel warning in May 2015 restricting the travel of U.S. government employees in Mexico because "U.S. citizens have been the victims of violent crimes, such as kidnapping, carjacking, and robbery by organized criminal groups in various Mexican states," R. at 34. We reject Chavez-Ochoa's argument for two reasons.

First, Chavez-Ochoa's wife's recent hiring as a police officer is merely a changed personal circumstance, which, as the BIA noted, doesn't satisfy the requirements for reopening removal proceedings. *See Wei v. Mukasey*, 545 F.3d 1248, 1255–57 (10th Cir. 2008).

4

Second, in February 2012—prior to the remanded removal proceedings—the State Department issued a travel warning describing similar dangers in Mexico and indicating that travel restrictions on U.S. government employees had been in place since July 2010. Quite simply, the risks of traveling to Mexico for U.S. citizens and the travel restrictions placed on U.S. government employees have not materially changed since Chavez-Ochoa's case was before the IJ.[1]

Accordingly, the BIA correctly concluded that Chavez-Ochoa's motion to reopen was time barred.[2]

### CONCLUSION

The petition for review is denied.

Entered for the Court

Nancy L. Moritz
Circuit Judge

---

[1] Chavez-Ochoa argues for the first time in his reply brief that changed country conditions are not necessary for motions to reopen filed after March 1999. This argument has been waived due to its late presentation. *See United States v. Harrell*, 642 F.3d 907, 918 (10th Cir. 2011).

[2] Given the untimeliness of the motion, we need not address the BIA's alternate conclusion that Chavez-Ochoa failed to make a prima facie showing of CAT eligibility.