**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LIYING QIU,

      Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

      Respondent.

No. 13-9603
(Petition for Review)

---

**ORDER AND JUDGMENT[*]**

---

Before **HARTZ**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.

---

Liying Qiu petitions pro se for review of the Board of Immigration Appeals'

(BIA) decision denying her motion to reopen. We dismiss the petition in part for

lack of jurisdiction because Ms. Qiu challenges the BIA's underlying order of

removal, which she did not timely petition for review. To the extent she contests the

BIA's order denying her motion to reopen, we deny the petition on waiver grounds.

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Ms. Qiu is a native and citizen of China. She entered the United States illegally in 2003 and more than six years later, in March 2010, applied for asylum, restriction on removal, and protection under the Convention Against Torture. Although she conceded removability, Ms. Qiu claimed that she feared persecution on account of China's family planning policies and her religious beliefs. An immigration judge (IJ) denied relief, ruling that Ms. Qiu failed to timely file her asylum application within one year after she entered this country, *see* 8 U.S.C. § 1158(a)(2)(B), and her claim of changed circumstances was not credible and did not excuse her delay in filing, *see id.* § 1158(a)(2)(D). The IJ also determined that she failed to corroborate her claims to establish her eligibility for any form of relief. Consequently, the IJ ordered her removed to China. Ms. Qiu appealed to the BIA, but on March 21, 2013, the BIA affirmed the IJ's decision and dismissed the appeal. Ms. Qiu did not seek judicial review of that order.

Instead, on May 6, 2013, Ms. Qiu moved the BIA to reopen her case, claiming she had new evidence that established her eligibility for asylum. On September 9, 2013, the BIA denied the motion to reopen, and on October 2, 2013, Ms. Qiu filed this petition for review.[1] In her opening brief, however, Ms. Qiu does not challenge the denial of her motion to reopen. Rather, her brief consists of several conclusory

---

[1]    This petition was transferred from the United States Court of Appeals for the Second Circuit.

statements that dispute the agency's underlying determination that she failed to establish her eligibility for relief.  Indeed, she insists she has a well-founded fear of persecution and contests the agency's adverse credibility assessment.  She then concludes by requesting that we "[r]eopen the case for hearing and asylum [sic]." Pet'r Br. at 4.

II

We lack jurisdiction to review the BIA's underlying removal order because Ms. Qiu "did not timely file a petition for review from that order within thirty days as required by 8 U.S.C. § 1252(b)(1)."  *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004).  The timely filing of a petition for review is "mandatory and jurisdictional."  *Stone v. INS*, 514 U.S. 386, 405 (1995) (internal quotation marks omitted).  A motion to reopen does not toll the time for filing a petition for review challenging the underlying merits decision.  *See id.* at 394-406 (holding that a motion for reconsideration does not toll the time for filing a petition for review of underlying removal order).  Accordingly, we dismiss the petition for review to the extent it seeks to challenge any aspect of the BIA's March 21, 2013 order denying relief.

To the extent Ms. Qiu contests the BIA's September 9, 2013 order denying her motion to reopen, it is a "final, separately appealable order."  *Infanzon*, 386 F.3d at 1361.  We review the BIA's denial of a motion to reopen for an abuse of discretion. *See Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013).  "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs

from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Infanzon*, 386 F.3d at 1362 (internal quotation marks omitted).

Ms. Qiu, however, advances no argument that, even liberally construed, could be deemed a challenge to the agency's exercise of discretion. Indeed, her brief does not offer any developed argument at all regarding the denial of her motion to reopen. Ms. Qiu's failure to present a sufficiently developed argument waives any challenge she might have made to the BIA's order denying her motion to reopen. *See Iliev v. Holder*, 613 F.3d 1019, 1026 n.4 (10th Cir. 2010) (invoking waiver doctrine to bar review of inadequately developed argument).

Accordingly, the petition for review is denied in part and dismissed in part for lack of jurisdiction. Ms. Qiu's motion to proceed in forma pauperis is granted.

Entered for the Court


Timothy M. Tymkovich
Circuit Judge