FILED
United States Court of Appeals
Tenth Circuit

September 5, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

MILTON A. GUEVARA-VILLACORTA,

    Petitioner,

v.

JEFFERSON B. SESSIONS, III, Attorney
General,

    Respondent.

No. 18-9508
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HOLMES**, and **MATHESON**, Circuit Judges.
_____

Milton Guevara-Villacorta, a native and citizen of El Salvador, petitions this

court for review of an order of the Board of Immigration Appeals (BIA) affirming the

immigration judge's decision to deny his motion to reopen his removal proceedings.

Exercising jurisdiction pursuant to 8 U.S.C. § 1252(a)(1), we deny the petition for

review.

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Guevara-Villacorta entered the United States without inspection on or about November 11, 2000. In September of 2003, Guevara-Villacorta filed with the Immigration and Naturalization Service (INS) two separate forms: a Form I-821, Application for Temporary Protected Status, and a Form I-765, Application for Employment Authorization. On September 17, 2003, INS mailed notice of receipt of the Form I-765 to Guevara-Villacorta at P.O. Box 414, Aurora, Colorado. On January 23, 2004, the United States Citizenship and Immigration Services mailed to Guevara-Villacorta at the same address a notice that his Form I-765 had been denied.

On or about November 3, 2004, the Department of Homeland Security (DHS) issued a Notice to Appear to Guevara-Villacorta and mailed it to the same Aurora address. The Notice to Appear indicates it was served on Guevara-Villacorta on or about November 9, 2004. DHS sent a notice of removal hearing to the same address, but that was returned as undeliverable.[1] On December 30, 2004, an immigration judge (IJ) ordered Guevara-Villacorta to be removed *in absentia* for failing to appear at the removal hearing. On September 13, 2007, DHS apprehended Guevara-Villacorta. Guevara-Villacorta was physically removed from the United States to El Salvador on October 22, 2007.

Guevara-Villacorta subsequently reentered the United States illegally on three occasions—twice in 2009 and once in 2012—and each time was removed.

---

[1] In an affidavit submitted with his motion to reopen, Guevara-Villacorta alleged that at some point he discontinued payment on and use of P.O. Box 414.

On October 13, 2015, Guevara-Villacorta filed a motion to reopen and rescind the *in absentia* removal order that was entered by the IJ on December 30, 2004.  He claimed in his motion that he did not receive proper notice of the removal hearing.  The IJ initially granted the motion to reopen.  But DHS filed a motion for reconsideration and the IJ granted the motion for reconsideration and denied Guevara-Villacorta's motion to reopen.

Guevara-Villacorta appealed to the BIA.  The BIA remanded the case to the IJ for factual findings regarding Guevara-Villacorta's alleged lack of notice of the removal hearing, as well as for a determination of whether Guevara-Villacorta waived the opportunity to assert his lack-of-notice claim in light of his failure to seek reopening upon first learning of the IJ's *in absentia* removal order.

On remand, the IJ found that Guevara-Villacorta did not receive actual or constructive notice of the notice of removal hearing, and did not become aware of the IJ's *in absentia* removal order until he was first removed in 2007.  But the IJ concluded that Guevara-Villacorta had nevertheless waived his right to assert a lack-of-notice claim because he failed to assert that claim until approximately eight years after his initial removal from the United States in 2007, and only after he had been physically removed three additional times from the United States.

Guevara-Villacorta appealed and the BIA affirmed the IJ's decision.  The BIA noted that Guevara-Villacorta "conceded . . . he became aware of the in absentia removal order in 2007 when he was first removed from the United States to El Salvador."  AR000004.  The BIA further noted that Guevara-Villacorta failed to

3

"provid[e] any explanation whatsoever as to why he waited 8 years to file [his] motion to reopen." Id. The BIA in turn concluded that Guevara-Villacorta "did not file his motion to reopen with due diligence upon learning of the . . . in absentia order of removal, and that although [he] may have had an incentive to attend his removal hearing, he did not act in good faith in seeking to reopen the[] proceedings." Id. The BIA ultimately concluded that Guevara-Villacorta did "not present[] a basis to reopen proceedings" and that he had not established "that an exceptional situation exist[ed] which would warrant that the[] proceedings . . . be reopened *sua sponte*." AR000005.

Guevara-Villacorta now petitions for review of the BIA's decision. We have jurisdiction over the BIA's denial of the motion to reopen. Infanzon v. Ashcroft, 386 F.3d 1359, 1361-62 (10th Cir. 2004).

II

We review the BIA's denial of Guevara-Villacorta's motion to reopen for an abuse of discretion. See Maatougui v. Holder, 738 F.3d 1230, 1239 (10th Cir. 2013). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." Id. (quotation marks omitted). "The BIA does not abuse its discretion when its rationale is clear, there is no departure from established policies, and its statements are a correct interpretation of the law, even when the BIA's decision is succinct." Id. (quotation marks omitted).

4

The Supreme Court has emphasized that motions to reopen immigration cases are "plainly disfavor[ed]" and the petitioner bears a "heavy burden" to show the BIA abused its discretion. INS v. Abudu, 485 U.S. 94, 110 (1988). That is because, to begin with, "[t]here is a strong public interest in bringing litigation to a close as promptly as is consistent with the interest in giving the adversaries a fair opportunity to develop and present their respective cases." Id. at 107. Further, "the reasons for giving deference to agency decisions on petitions for reopening . . . in other administrative contexts apply with even greater force in the [immigration] context." Id. at 110.

Guevara-Villacorta argues that the BIA abused its discretion in denying his motion to reopen and rescind the *in absentia* order of removal based on lack of due diligence. More specifically, he argues that lack of due diligence is not a valid statutory ground for denying a motion to reopen and rescind.

To resolve Guevara-Villacorta's arguments, we turn to 8 U.S.C. § 1229a(b)(5), which outlines the "Consequences of failure to appear" at a removal proceeding and provides, in pertinent part:

> **(A) In general**
> Any alien who, after written notice required under paragraph (1) or (2) of section 1229(a) of this title has been provided to the alien or the alien's counsel of record, does not attend a proceeding under this section, shall be ordered removed in absentia if the Service establishes by clear, unequivocal, and convincing evidence that the written notice was so provided and that the alien is removable (as defined in subsection (e)(2)). The written notice by the Attorney General shall be considered sufficient for purposes of this subparagraph if provided at the most recent address provided under section 1229(a)(1)(F) of this title.

5

**(B) No notice if failure to provide address information**
No written notice shall be required under subparagraph (A) if the alien has failed to provide the address required under section 1229(a)(1)(F) of this title.
**(C) Rescission of order**
Such an order may be rescinded only--
>(i) upon a motion to reopen filed within 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances (as defined in subsection (e)(1)), or
>(ii) upon a motion to reopen filed at any time if the alien demonstrates that the alien did not receive notice in accordance with paragraph (1) or (2) of section 1229(a) of this title or the alien demonstrates that the alien was in Federal or State custody and the failure to appear was through no fault of the alien.
>>The filing of the motion to reopen described in clause (i) or (ii) shall stay the removal of the alien pending disposition of the motion by the immigration judge.

8 U.S.C. § 1229a(b)(5)(A)-(C).

We reject Guevara-Villacorta's arguments as contrary to this statutory language. In particular, Guevara-Villacorta misreads the language of § 1229a(b)(5)(C) as requiring a removal order to be rescinded if the requirements of subparagraph (i) or (ii) are met. In fact, however, the requirements of subparagraphs (i) and (ii) simply establish a threshold that must be satisfied before an order can permissibly be rescinded. Whether or not an order is actually rescinded, however, lies within the discretion of the IJ and the BIA. That much is made clear by subsection (C)'s use of the phrase "may be rescinded." The word "may" in this phrase implies discretion. Jennings v. Rodriguez, 138 S. Ct. 830, 844 (2018). Had Congress intended for a removal order to automatically be rescinded upon a petitioner's satisfaction of the requirements of subparagraphs (i) or (ii), it would

6

instead have used the word "shall" in this phrase.  Id.  Thus, simply because Guevara-Villacorta may have satisfied the requirements of subparagraph (ii) did not necessarily entitle him to have the *in absentia* removal order rescinded.

We also reject Guevara-Villacorta's argument that due diligence is not a factor that can be considered by the BIA in considering a motion to reopen.  As we have noted, § 1229a(b)(5)(C) outlines the minimum conditions that must be satisfied for a removal order to be rescinded.  But neither it nor any other part of § 1229a specifies the conditions under which a motion to reopen shall be granted.  Therefore, as was the case when motions to reopen were governed solely by regulation (prior to the enactment of § 1229a), "[t]he granting of a motion to reopen is . . . discretionary." United States v Doherty, 502 U.S. 314, 323 (1992).  And, given Guevara-Villacorta's undisputed and unexplained eight-year delay in seeking reopening, we are not persuaded that the BIA abused its discretion in refusing to grant the motion to reopen and rescind the *in absentia* removal order.[2]

The petition for review is DENIED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

---

[2] Guevara-Villacorta also argues in his appeal that the fact he did not receive actual or constructive notice of the removal proceedings in 2004 resulted in a violation of his rights under the Due Process Clause of the Fifth Amendment to the United States Constitution.  Because we conclude the BIA did not abuse its discretion in refusing to reopen and rescind the *in absentia* removal order, we need not address this argument.