**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

ENRIQUE DOMINGUEZ,

     Petitioner,

v.

PAMELA J. BONDI, United States
Attorney General,[*]

     Respondent.

No. 24-9547
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.
_____

Petitioner Enrique Dominguez petitions for review of a decision by the Board

of Immigration Appeals (BIA) denying his third motion to reopen his removal

proceedings.  Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

---

[*] On February 5, 2025, Pamela J. Bondi became Acting Attorney General of the United States.  Consequently, her name has been substituted for James R. McHenry, III as Respondent, per Fed. R. App. P. 43(c)(2).

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I

Mr. Dominguez, a native and citizen of Mexico, entered the United States as a lawful permanent resident in 1981.  In 1996, Mr. Dominguez pleaded guilty in Colorado state court to possession of a controlled substance.  In 1998, the Immigration and Naturalization Service, which is now the Department of Homeland Security, charged Mr. Dominguez as removable for having been convicted of an aggravated felony.  *See* 8 U.S.C. § 1227(a)(2)(A)(iii).  In September 1998, an immigration judge (IJ) ordered Mr. Dominguez removed to Mexico.  Mr. Dominguez waived his right to appeal.

Mr. Dominguez returned to the United States illegally on two subsequent occasions and was removed both times.  Notably, Mr. Dominguez's removal order was reinstated after he returned illegally to the United States the first time.

In 2015, Mr. Dominguez filed a motion to reopen his 1998 removal proceedings, claiming he received ineffective assistance of counsel during the original removal proceedings, and seeking a discretionary waiver of inadmissibility under former § 212(c) of the Immigration and Nationality Act (INA).[1]  An IJ denied

---

[1] "Before Congress enacted the Antiterrorism and Effective Death Penalty Act (AEDPA), section 212(c) of the INA, codified at 8 U.S.C. § 1182(c), gave the Attorney General" discretion, in relevant part, to grant waivers from removal for certain noncitizens who were removable based on certain types of convictions obtained by guilty pleas entered prior to April 1, 1997.  *United States v. Almanza-Vigil*, 912 F.3d 1310, 1324 n.12 (10th Cir. 2019); *see Sosa-Valenzuela v. Holder*, 692 F.3d 1103, 1108 (10th Cir. 2012).  "In 1996, AEDPA 'reduced' the class of noncitizens eligible for such discretionary relief . . . ." *Almanza-Vigil*, 912 F.3d at 1324 n.12.  "Later that year, Congress passed the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996, which repealed 8 U.S.C. § 1182(c) and

the motion on multiple grounds.  Mr. Dominguez appealed to the BIA.  In 2017, the

BIA agreed with the IJ's decision and dismissed his appeal.  Mr. Dominguez filed a

petition for review with this court, but we dismissed it as untimely.  *See Dominguez*

*v. Sessions*, No. 17-9526, Order at 2 (10th Cir. July 31, 2017) (unpublished).

In 2020, Mr. Dominguez filed another motion to reopen with the BIA and

again sought a waiver of inadmissibility under § 212(c).  The BIA denied the motion

as untimely and because Mr. Dominguez had already filed a motion to reopen.  The

BIA also declined to exercise its discretion to sua sponte reopen, concluding that

Mr. Dominguez was ineligible for a § 212(c) waiver because he reentered the country

illegally after his removal and the case did not present an exceptional situation that

would warrant sua sponte reopening.  Mr. Dominguez filed a petition for review of

the BIA's decision.  We found no abuse of discretion on the part of the BIA in

denying the motion as time-barred and concluded we lacked jurisdiction to review the

BIA's denial of sua sponte reopening.  *Dominguez v. Garland*, 859 F. App'x 853, 855

(10th Cir. 2021).

In August 2023, Mr. Dominguez, appearing pro se, filed a third motion to

reopen with the BIA raising four issues: (1) whether the BIA should reopen his

removal proceedings due to ineffective assistance of counsel; (2) whether the BIA

should equitably toll the filing deadline for his direct appeal of the IJ's original

removal order; (3) whether the IJ in 2015 erred in not granting his request for a

---

created 8 U.S.C. § 1229b, permitting 'cancellation of removal' for a much narrower
class of resident noncitizens."  *Id.*

discretionary waiver of inadmissibility under § 212(c); and (4) whether he met the requirements set out in *Judulang v. Holder*, 565 U.S. 42 (2011) for discretionary relief from removal.

In June 2024, the BIA issued an order denying Mr. Dominguez's third motion to reopen as "untimely, numerically barred, and subject to no exception to the applicable statutory and regulatory restrictions." R. at 2. The BIA also noted that it had previously rejected many of the same issues raised by Mr. Dominguez in his third motion.

Mr. Dominguez has now filed a pro se petition for review with this court.[2]

II

We review the BIA's denial of a motion to reopen for abuse of discretion. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004). "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Id.* (internal quotation marks omitted).

It is apparent from the record that the BIA did not abuse its discretion in concluding that Mr. Dominguez's third motion to reopen was both untimely and numerically barred. Noncitizens are generally limited to one motion to reopen, which must be filed within ninety days after entry of the final removal order.

---

[2] Because Mr. Dominguez appears pro se, we liberally construe his petition but do not act as his advocate. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*See* 8 U.S.C. § 1229a(c)(7)(A) ("An alien may file one motion to reopen proceedings . . . ."); § 1229a(c)(7)(C)(i) ("[T]he motion to reopen shall be filed within 90 days of entry of a final administrative order of removal."); 8 C.F.R. § 1003.2(c)(2) (imposing the same number and time limitations).  Here, Mr. Dominguez has already filed two prior motions to reopen and his third motion to reopen was filed nearly fifteen years after the entry of the final removal order.

Likewise, we conclude the BIA did not abuse its discretion in concluding that the removal order was administratively final, i.e., "subject to no exception to the applicable statutory and regulatory restrictions."  R. at 2.  The reinstatement of the removal order, which occurred after Mr. Dominguez illegally returned to the United States the first time, rendered him ineligible to have the removal order reopened or reviewed by the BIA.  *See* 8 U.S.C. § 1231(a)(5) ("If the Attorney General finds that an alien has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry."); *Fernandez-Vargas v. Gonzales*, 548 U.S. 30, 35 (2006) (holding that § 1231(a)(5) applies to "all illegal reentrants" and "explicitly insulates the removal orders from review," while also "generally foreclos[ing] discretionary relief from the terms of the reinstated order").

5

III

The petition for review is denied.  Mr. Dominguez's motion for leave to proceed in forma pauperis is granted.

Entered for the Court


Gregory A. Phillips
Circuit Judge