FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 17, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

———————————————————

JULIO CESAR GOMEZ-ALVAREZ,

    Petitioner,

v.

PAMELA J. BONDI, United States
Attorney General,[*]

    Respondent.

No. 23-9607
(Petition for Review)

———————————————————

**ORDER AND JUDGMENT**[**]

———————————————————

Before **HARTZ**, **KELLY**, and **BACHARACH**, Circuit Judges.

———————————————————

Mr. Julio Cesar Gomez-Alvarez is a Mexican citizen subject to a removal order. He unsuccessfully asked the Board of Immigration Appeals to reopen his removal proceedings so that he could seek cancellation of

---

[*] On February 5, 2025, Ms. Pamela J. Bondi was appointed as the Attorney General of the United States. We've thus substituted her as the named respondent. *See* Fed. R. App. P. 43(c)(2).

[**] The parties do not request oral argument, and it is unnecessary for us to decide the petition. So we base our decision on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

This order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

removal as an abused spouse. *See* 8 U.S.C. § 1229b(b)(2). The Board declined to reopen the proceedings, and Mr. Gomez-Alvarez petitions for judicial review. We deny the petition.

In the removal proceedings, Mr. Gomez-Alvarez requested a continuance in order to seek a visa.[1] The immigration judge declined this request, and the Board of Immigration Appeals dismissed Mr. Gomez-Alvarez's appeal.[2]

A year later, Mr. Gomez-Alvarez moved to reopen the removal proceedings in order to apply for cancellation of removal based on spousal abuse from a U.S. citizen. The Board declined to reopen the proceedings for three separate reasons:

1. Mr. Gomez-Alvarez's evidence was not new.

2. He wasn't eligible for cancellation of removal because he failed to voluntarily depart when he was given the chance.

3. He didn't show eligibility for cancellation of removal based on hardship.

---

[1] He sought a *U-Visa*. This visa is available to victims of certain crimes. 8 U.S.C. § 1101(a)(15)(U). If the visa is granted, the noncitizen can ordinarily stay in the United States and seek work authorization. 8 U.S.C. § 1184(p)(6).

[2] With the Board's dismissal of the appeal, Mr. Gomez-Alvarez petitioned us for judicial review. But he voluntarily dismissed the petition for review.

2

Mr. Gomez-Alvarez now petitions for judicial review, challenging these reasons for denial of his petition to reopen. We consider only the first reason because we regard it as dispositive. [3]

The Board found that the evidence of spousal abuse wasn't new, and we review that finding under the abuse-of-discretion standard. *I.N.S. v. Abudu*, 485 U.S. 94, 105 (1988). The Board could abuse its discretion by failing to rationally explain a decision, departing from established policies without any justification, failing to provide any reasoning, or relying only on conclusory statements. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004).

Mr. Gomez-Alvarez argues that he hadn't known earlier about the availability of relief for victims of spousal abuse. But this argument doesn't undermine

- the availability of this remedy in the earlier proceedings or

- the Board's conclusion that Mr. Gomez-Alvarez was relying on facts available before the agency had issued a decision.

As a result, the Board acted within its discretion when it concluded that the evidence of spousal abuse hadn't been new. *Cf. Cruz v. Barr*, 839 F. App'x 209, 213 (10th Cir. 2020) (unpublished) (concluding that the Board didn't abuse its discretion in deeming ignorance of the law insufficient to

---

[3]    We express no opinion on the Board's two other reasons to deny reopening.

equitably toll the deadline for a motion to reopen).[4] In these circumstances, the Board didn't abuse its discretion in declining to reopen the proceedings.

Petition denied.

Entered for the Court


Robert E. Bacharach
Circuit Judge

---

[4]    The Board characterized some of Mr. Gomez-Alvarez's statements as a claim of ineffective assistance. Mr. Gomez-Alvarez challenges this characterization, stating that he hadn't asserted a claim of ineffective assistance. Because he's not alleging ineffective assistance, we consider only whether Mr. Gomez-Alvarez could obtain reopening based on his alleged lack of knowledge.